## ALEXANDER PATTERSON v. JAMES H. CARRUTH.

1. TAX SALES; *Injunction—Effect of.* Under the laws of 1860, when lands had been duly advertised for sale at the regular sale-days, and had not been sold on those days by reason of injunction or other judicial proceedings, they could have been sold at any time after the dissolution of the injunction or restraining order, upon ten days' notice.

2. TAX DEED; *Recitals.* A deed, therefore, otherwise regular, and reciting a sale made more than ten days after the date of the first regular sale-day, is *prima facie* valid.

*Error from Miami District Court.*

EJECTMENT, brought by *Patterson*, to recover the possession of a quarter-section of land in Miami county. *Patterson* claimed title and right of possession. *Carruth* answered, claiming title in himself, and setting up such claim under a tax deed issued on the 7th of December 1863, by the county clerk of Miami county, upon a tax-sale of said lands made on the 3d of September 1860 for unpaid taxes of 1859. Reply, general denial. The second trial was had at the September Term 1873 of the district court, (J. B. S., judge *pro tem.* presiding.) The plaintiff having shown a regular chain of title from the patentee to himself, rested. The defendant then showed the entry of the land August 11, 1858, offered his tax deed reciting the assessment of said land in 1859, and

the sale in 1860, as above stated.   Plaintiff objected, but the tax deed was admitted in evidence.   Finding and judgment for defendant, and the plaintiff brings the case here by petition in error.

*W. T. Johnson,* and *Sherry Baker,* for plaintiffs:

The tax deed offered in evidence by the defendant was erroneously admitted by the court.   The general law governing the assessment and collection of taxes in force at the time of the sale, (Comp. Laws, p. 866, § 36, and p. 873, § 70,) provides that the sale should be held on the first Tuesday of May, or the first Tuesday of September.   In the year 1860, the first Tuesday of May was the first day of the month, and the first Tuesday of September was the *fourth* day of the month — of which this court will take judicial notice.   The tax deed recites that the sale was *"begun* and *held* on the 3d day of September 1860."   This could not be true under any special or general act then in force; and a sale at any other time than that authorized by law is a nullity: Blackw. Tax Titles, 268; 11 Howard, 414; 4 Peters, 349; 21 Ill., 139; 14 Ill., 254; 10 Ohio, 139; 11 Ohio, 359; *Park v. Tinkham,* 9 Kas., 615.

The tax deed offered in evidence by the defendant in error is therefore void on its face, and could not start the statute of limitations to running: *Taylor v. Miles,* 5 Kas., 508; 11 Howard, 414; 18 Wis., 59.

*B. F. Simpson,* for defendant in error.

The opinion of the court was delivered by

Brewer, J.: The only question in this case is as to the validity of a tax deed; and the one single objection to the deed is, that it shows upon its face that the sale was made at a time not authorized by law.   Of course, if this be the case, the deed was void, and under the circumstances appearing in the record would not start the statute of limitations to running. (*Entrekin v. Chambers,* 11 Kas., 368.)   The sale in this case

was for taxes of 1859, and was made on the third day of September, 1860. The deed recites that the sale was begun and publicly held on that day. This was the first Monday, and not the first Tuesday of the month. The sale therefore was not upon a day *named* in the statute as one of the sale-days. But we find introduced into the tax law for the first time, in 1860, this provision, that if lands duly advertised for sale at either of the regular sale-days are not sold because of injunction or other judicial proceedings, they may, after the dissolution of the injunction or restraining order, be sold at any time on ten days' notice. (Laws 1860, p. 219, § 70.) Under this authority a sale might in certain cases be legally held on any day more than ten days after the first sale-day, the first Tuesday of May, and a deed reciting a sale at such time would, if otherwise regular, be *prima facie* valid. Of course, such a deed could be shown to be void by proof that the sale on the regular sale-day had not been stopped by injunction or other judicial proceeding; but in the case before us no such proof was offered, and the case stands upon the *prima facie* showing of the deed alone. The case of *Entrekin v. Chambers*, 11 Kas., 368, is not in point here, as the sale in that case was in 1859, and before the provision heretofore noticed was in force. There being no other objection made to the deed, the judgment will be affirmed.

All the Justices concurring.