## GOSLEE v. TEARNEY ET AL.

1. **Tax Deed: UNOCCUPIED LANDS: POSSESSION.** Where lands remain unoccupied for five years after the execution of a tax. deed thereto, or are unoccupied at the expiration of that time, the possession is con-. structively in the holder of the tax title.

*Appeal from Jasper District Court.*

FRIDAY, DECEMBER 5.

ACTION for partition. The land was owned originally by one George Parsons, who died intestate. The plaintiff avers that he owns $\frac{2}{27}$ of the land, and that each of the defendants owns $\frac{2}{27}$ except Thos. Tearney, who owns $\frac{17}{27}$. The defendant Crabtree denies that the plaintiff owns any portion of the land, and avers that he, Crabtree, owns the whole. The court found that the defendant Thos. Tearney owned $\frac{21}{33}$ of the land, and that the other defendants and the plaintiff owned each $\frac{2}{33}$, and rendered judgment accordingly. The defendant Crabtree appeals.

*Smith & Wilson* and *Barcroft, Given & McCaughan,* for appellant.

*S. N. Lindley* and *S. C. Cook,* for appellee.

ADAMS, J.—The defendant Crabtree claims to have a tax title to the land. The land appears to have been sold at tax sale in November, 1867, to one Callanan, who acquired a tax deed and conveyed to Crabtree. The regularity of the sale is not questioned, but the plaintiff insists that, five years having elapsed from the time of completed sale, Crabtree is barred from asserting any rights in the premises.

1. TAX deed: unoccupied lands: possession.

Neither Crabtree nor Callanan, under whom he claims title, instituted any action to recover possession, and neither of them took possession during the five years. It does not follow, however, that Crabtree is necessarily barred. If the land was unoccupied during the five years, or even at the expiration of the

Goslee v. Tearney.

five years, the holder of the tax title is not barred. The holder of the tax title has constructive possession of the land, if it is unoccupied, and such possession obviates the necessity of taking actual possession, or of bringing an action to recover possession. *Moingona Coal Co. v. Blair,* 51 Iowa, 447. It is incumbent, therefore, upon the plaintiff, who sets up the bar, to show not only that five years elapsed from the time of completed sale before Crabtree or Callanan took possession or brought an action to recover possession, but that one or more of the original owners were in possession at the time the five years expired. As to what the fact was the evidence leaves us in some doubt. The five years expired in November, 1875. As against the holder of the tax title the five years began to run from the time when he was entitled to a deed, which was in November, 1870. *Hintrager v. Hennessey,* 46 Iowa, 600. As to whether any one had actual possession in November, 1875, the evidence is very meager and unsatisfactory. The land appears to have been grubby prairie with some small timber on it. Timber to some extent was obtained from the land after the tax sale by the original owners. One of the heirs in his testimony says: "My brothers took timber off the land up to three years ago this spring." By this he meant up to the spring of 1876. But when they commenced taking timber he does not say. A fact so material should not have been left to conjecture or mere inference. But, aside from this difficulty, there is no evidence as to how much timber they took, or how often they took any. It appears to us, therefore, that we should not be justified in saying that one or more of the original owners were in possession at the expiration of the five years. If not, then the holder of the tax title would not be barred by the lapse of the five years.

We think that the judgment of the court below must be

REVERSED.