SIMON MYERS v. DAVID COONRADT.

1. TAX DEED; *Ejectment, When Not Barred.* Where a tax deed, *prima facie* valid, but in fact voidable, is issued and recorded, and the land is at the time and for two years thereafter continues vacant and unoccupied, *held*, that if subsequently the original owner enters and takes possession, the holder of the tax title is not barred by subdivision third of § 16, code of civil procedure, from maintaining an action for the recovery of possession.

2. SEC. 23 OF CODE, *Action Under.* Where the original owner, being in posssession, commences, within five years from the recording of the tax deed, an action challenging the validity of such deed, and in such action fails otherwise than upon the merits, he may, under § 23 of the code of civil procedure, at any time within one year thereafter, and although

the five years have passed since the recording of the deed, commence a new action therefor, or if sued by the holder of the tax title assert the same rights in an answer by way of counter claim.

3. SEC. 143 OF TAX LAW, *Construed.* Although § 143 of ch. 107, Comp. Laws 1879, authorizes the *original owner while in actual possession* to commence an action for the recovery of possession against any one who places a tax deed on record and thus in an action at law contest the validity of the tax deed, yet the section is permissive only, and if such owner fails to commence any action within the five years, he is not thereby estopped, when sued for possession by the holder of the tax title, from attacking the validity of the deed.

## *Error from Miami District Court.*

AT the December Term, 1881, of the district court, defenddant *Coonradt* recovered a judgment against plaintiff *Myers,* who brings the case here. The facts appear in the opinion.

*Beeson & Baker,* for plaintiff in error.

*Brayman & Sheldon,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This is a controversy about a tract of land in Miami county, and the same which was in dispute between these parties in the case of *Coonradt v. Myers,* 24 Kas. 313. On the trial of this case in the district court, the defendant in error, defendant below, recovered a judgment for the possession of the land. Preliminary to the trial the record disclosed a variety of proceedings, in many of which we think the court erred; but as no exception was taken thereto by the plaintiff in error they may be placed entirely out of consideration. Stripping the case of superfluous matters, it is sufficient to state generally that the plaintiff commenced two actions in the district court; one, April 2, 1879, in which he alleged that he was in possession of the real estate and sought to enjoin the defendant from interfering therewith; and one commenced July 4, 1880, which was an ordinary action in ejectment. Both these actions he dismissed without prejudice, and each was retained by the court for trial on the counter claim set up by defendant. By

Statement of facts.

consent these two actions were consolidated and tried as one. We fail to see any connection between the issues as presented by the pleadings in the first action and the issues as finally tried and disposed of; so the pleadings in that action may be laid entirely out of consideration. The pleadings upon which the case was in fact tried were an answer of the defendant setting up as a cause of action a tax deed executed July 16, 1875, and recorded July 17, 1875, and alleging that the land was vacant and unoccupied until the spring of 1880, and that then the defendant entered upon and made valuable and lasting improvements upon the land; and also that the defendant is the owner and entitled to the possession of the premises. To this answer there was a reply which denied every allegation in the answer, and further alleged that on the 20th day of March, 1879, the plaintiff, who was the owner and entitled to the immediate possession of the real estate, and which up to that time had been vacant and unoccupied, entered and took possession, and had always since remained continuously in actual possession, setting up also that on the 15th day of October, 1879, in a certain action then pending in the district court between the parties, it was found and adjudged that plaintiff was in possession. The case was tried by the court without a jury. Special findings of fact were made, which were to the effect that defendant's tax deed was valid on its face, but, based upon a tax sale, illegal because no place of sale was designated in the notice. The findings also stated the times of commencing this action, of filing the answer and amended answer and reply.

In reference to possession, the only finding was as follows:

"That said land remained vacant and unoccupied from the date of said deed until the 20th day of March, 1879, when the plaintiff built a line of fence about eight or ten rods long on the west side of said quarter-section, at the north end of said west line."

And from these findings as a conclusion of law, the following:

"The court finds that the plaintiff's cause of action was

barred at the time said answer and reply were filed; and that the defendant recover posssession of said land, and that he is entitled to hold and enjoy the estate therein free from any claim of the plaintiff thereto."

Upon the trial the plaintiff offered in evidence the judgment in the district referred to in his reply, finding possession in him, which judgment was affirmed in this court, 24 Kas., *supra;* and also testimony tending to show the continuance of that possession. The finding of the district court, as shown by the journal entry for that case, was, that on the 20th day of March, 1879, Simon Myers took actual and peaceful possession of the land and remained in actual possession from that date until after the commencement of the action, which action, as shown by the record, was commenced on June 2, 1879. The following, therefore, may be stated as the facts upon which the rights of the parties are to be adjudged: Plaintiff was the holder of the original title—a title perfect and complete, except so far as affected by the defendant's tax deed. The land was vacant and unoccupied until the 20th of March, 1879, when possession was taken by the plaintiff, and subsequently maintained by him. The defendant's tax deed was valid on its face, but in fact voidable for a defect in the sale proceedings if challenged in time. It was recorded July 17, 1875, and this action was commenced by plaintiff July 14, 1880. The answer was filed August 12, and the amended answer, December 12, 1880, and the reply, February 7, 1881. On November 30, 1880, the plaintiff' dismissed his action. It follows from these facts, without any question, that the judgment decreeing the title in defendant and awarding him the possession of the land was erroneous, unless the plaintiff's right to challenge this deed was cut off by the statute of limitations. Plaintiff insists that as defendant brought no action within two years from the date of the recording of the tax deed, his tax title failed, and all right to the land ceased, and this under the third subdivision of § 16 of the code of civil procedure. In this he is mistaken. While that subdivision applies to an action brought by a tax-title

**1. Tax deed; ejectment, when not barred.** holder, and in that respect provides a different statute of limitations from that prescribed by §141 of the tax law to an action against the tax-title holder, (see *Thornburgh v. Cole*, 27 Kas. 490,) yet that subdivision applies only where an action is maintainable; and where the land is actually vacant and unoccupied, no action to recover possession will lie against the original owner. In the absence of a statute making special provision therefor, an action for the recovery of possession of real estate will lie only against the party having possession. The actual possession was in no one. The constructive possession was in the holder of the tax title. (See §§138 and 143 of ch. 107, Comp. Laws 1879; see also *Dean v. Early*, 15 Wis. 100; *Coal Co. v. Blair*, 51 Iowa, 447; *Goslee v. Tearney*, 52 Iowa, 455.) And as was said by Mr. Justice VALENTINE, in *Taylor v. Miles*, 5 Kas. 515: "A statute of limitation can only be applied where one person has received or suffered some injury from another person, either in contract or tort. It must operate to bar a *cause of action*, for it seems absurd to say that a cause of action can be barred if no cause of action has ever accrued." See also *Waln v. Shearman*, 8 S. & R. 357; *Cranmer v. Hall*, 4 W. & S. 36; *Banyer v. Empie*, 5 Hill, 48. Whether the holder of the tax title in such a case would have two years from the time the holder of the original title took possession, in accordance with the ruling in *Waln v. Shearman*, supra, or simply a reasonable time thereafter, it is for the purposes of this case unnecessary to inquire. All that is necessary to decide is, that where the land is actually vacant and unoccupied during the two years, the holder of a tax title is not by reason of said third subdivision barred of his right of action to recover the possession, if thereafter the original owner takes actual possession of the land.

Neither on the other hand can we concur with the counsel for the defendant, that the right of the plaintiff to challenge the validity of this deed is cut off by § 141 of the tax law. It is true, as counsel contend, that plaintiff had dismissed his action, and the case is to be treated as though on August 12,

which was more than five years from the recording of the tax deed, the defendant had commenced an independent, an original action; and though section 141 reads —

"Any suit or proceeding against the tax purchaser, his heirs or assigns, for the recovery of lands sold for taxes, or to defeat or avoid a sale or conveyance of land for taxes, except in cases where the taxes have been paid or the land redeemed as provided by law, shall be commenced within five years from the time of recording the tax deed, and not thereafter;"

yet there are two reasons why, in this case, the right of the plaintiff is not cut off: *First*, the plaintiff commenced an action within the five years and then dismissed it, and under § 23 of the code he could have commenced a new action within one year after such dismissal. (*McWhirt v. McKee*, 6 Kas. 419; *Hiatt v. Auld*, 11 Kas. 176.) If he could have commenced a new and independent action, he could assert the same right in a defense to an action commenced by the defendant. He dismissed his action Nov. 30, and at the time within one year thereafter he could have commenced the same kind of action against the defendant, or when sued by the defendant could have asserted the same rights in an answer by way of counterclaim.

2. Sec. 23 of code, action under.

The other reason is this: plaintiff was in actual possession, and being in possession the statute of limitations in respect to the recovery of possession was not running as to him. It is true, § 143 authorizes an action for the recovery of possession against a party putting on record a tax deed, whether such party is in actual possession or not, but this section is permissive only. It gives the original owner, whether in actual possession or not, the right of testing, in a simple action at law to recover possession, the validity of a tax title, even when the holder of the tax title has no actual possession; but it does not compel the owner of the original title, when himself in possession, to commence such an action within five years, under penalty of being thereafter deprived of the right to defend his title and possession.

3. Sec. 143 of tax law, construed.

It is true the supreme court of Iowa, in the case from 51 Iowa, *supra*, did, by a divided court, hold that where land remains vacant and unoccupied during the five years, the constructive possession is in the holder of the tax title, and that at the end of five years the tax title becomes perfect; and that if the original owner subsequently takes possession he may be ejected by an action brought by the holder of the tax title, and is not at liberty to challenge the validity of such title. (See also the cases of *Hill v. Krieke,* 11 Wis. 442; *Knox v. Cleveland,* 13 Wis. 245; *Dean v. Early,* 15 Wis. 100; the Pennsylvania cases heretofore cited; and in addition, *Parrish v. Stevens,* 3 Serg. & R. 298; *Ash v. Ashton,* 3 W. & S. 515; *Robb v. Owen,* 9 Barr, 71.) But whether that ruling be correct or not, it does not apply to a case in which the original owner is in actual possession. In such a case the initiative does not lie with him; he may rest secure in his possession and title until somebody attacks them, and when so attacked he may show any defect in the title of the assailing party. It is also true that said § 141 prescribes the five-years limitation not merely upon an action for the recovery of land, but also one to defeat or avoid a sale or conveyance of land for taxes. And it may be that the original owner in possession might be unable after the expiration of five years to maintain an action to remove the cloud which the tax deed casts upon his title; but it does not follow that because he may not maintain an action to quiet his title that the opposing title, the tax deed, is to be adjudged perfect, and the holder thereof allowed to recover possession from him. If such a construction be maintainable, it would have this curious result: suppose the holder of the original title is in possession, the tax-title holder may within two years bring an action to recover possession; but thereafter, under subdivision third referred to above, his right to recover possession is barred, then three years passing, during all which time the holder of the tax title can maintain no action; and now the right of the original owner to set aside the tax deed having also ceased, the right of the tax-title holder to recover possession is revived. Of course this is not the rule. Though

after the lapse of five years an action to set aside the tax title may not be maintainable, yet that fact does not perfect and establish the tax title so as to enable its holder to maintain an action for the recovery of possession, of which for three years he has been barred. Now for nearly a year and a half before the running of the five years, the holder of the original title had been in actual possession, and the right of defending his possession against the holder of the tax title had not been lost. See upon the general questions involved in this case, Cooley on Taxation, pages 377, and following.

It follows from these considerations that the district court erred in awarding to the defendant the possession of the land. All that he was entitled to was an adjudication of his lien for taxes. The judgment of the district court will therefore be reversed, and the case remanded with instructions to grant a new trial.

All the Justices concurring.