The opinion of the court was delivered by
Horton, C. J.:
This was an action in the nature of ejectment, to recover a quarter-section of land situate in Miami county. The plaintiff showed a chain of title from the government. The defendants showed a chain of title from the grantee of the tax deed. The defendants recovered judgment. The plaintiff brings the case here.
*192 1'void onils101 *190 The questions raised concern the validity of the tax deed, *191 and whether such deed is protected by the statute of limitations. The real estate in controversy was subject to taxation for the year 1859, and the taxes being unpaid thereon for that year, was sold on the 3d day of September, 1860, at tax sale, the county of Lykins (Miami) being the purchaser. On the 9th day of September, 1868, the county assigned the tax certificate to W. H. H. Kyle, and • the tax deed was executed to him on February 1, 1869, and recorded on the same day in the office of the register of deeds of Miami county. Kyle and wife executed a mortgage to L. A. Bache on June 6, 1874. This mortgage was duly foreclosed, and a sheriff’s deed executed uuder the decree thereof to defendant, Thomas Kyle, February 6, 1877. W. H. H. Kyle and the 'defendants have been in possession of the land ever since 1868, and have made lasting and valuable improvements thereon. All the taxes on the land have been paid by the holders of the tax title, excepting the taxes of two years paid by L. A. Bache while holding the mortgage from Kyle and wife; the plaintiff did not prove the payment of any taxes. The plaintiff objected to the introduction of the tax deed, for the alleged reason that the deed was void on its face, because the sale for the taxes of 1859 was made on the 3d day of September, 1860; and further, upon the alleged ground that the county clerk had no authority on the 9th day of September, 1868, to assign the tax certificate. Counsel say that the statute in force in 1860 provided the sales should be held on the first Tuesday of May and on the' first Tuesday of September, and that the first Tuesday of September, 1860, was the 4th day of September, and therefore the sale was not upon a day named in the statute as one of the sale days. Counsel overlook the provision in the statute of 1860, that if lands duly advertised for sale at either of the regular sale days, are nót sold because of injunction or other judicial proceedings, they may, after the dissolution of the injunction or restraining order, be sold at any time on ten days’ notice. (Laws 1860, p. 219, §70.) Under this authority, a sale might in certain cases be legally held on any day more than ten days after the *192 first sale day (the first Tuesday in May), and a deed reciting a sale at such time would, if otherwise regular, be prima facie valid. (Patterson v. Carruth, 13 Kas. 494.) The deed, therefore, reciting a sale made on the 3d day of September, 1860, under the statute of 1860, was not thereby void.
The assumed want of authority on the part of the county clerk to make the assignment of the tax certificate is based upon the decision in Sapp v. Morrill, 8 Kas. 677. That decision is not applicable, because the assignment of the tax certificate on the 9th of September, 1868, was made under the provisions of § 145, p. 1063, Gen. Stat. of 1868, then in force. This section reads:
“That all certificates of the sale of lands heretofore made to the respective counties, and in the charge of the county treasurer, shall be by said treasurer delivered to the county clerk, who is hereby authorized to transfer or assign the same in the same manner and on the same conditions as certificates issued under the provisions of this act.”
2. ásfgntex*0 cenificates. In 1 the case of Sapp v. Morrill, supra, the authority for the assignment was based upon § 9 of the act of 1864. That section was prospective only, in its operation, and related solely to tax sales made subsequent to its passage. Sec. 145, above quoted, had special reference to certificates of the sale of lands made prior to its passage. We conclude, therefore, that the attacks upon the face of the tax deed are not sustainable, but that such deed is sufficient # _ _ in form and regular on its face. The deed was therefore properly received in evidence. The question is presented, whether it may be attacked by evidence aliunde. After the reception of the tax deed by the court, plaintiff sought to show -that there was no record in the office of the county treasurer of Lykins (Miami) county for the sale of the land in controversy in 1860 for the taxes of 1859; that there was no record in the county treasurer’s office; that the regular sale of 1860 for the taxes of 1859 was not interrupted or stopped by any judicial proceedings; that there was no record in the county clerk’s office of the assessment of the *193 land for 1859; that the land was not described upon the published list of tax sales in 1860 for the delinquent taxes of 1859; and various other matters tending to show that the tax ■sale was defective, and the tax deed executed without the necessary precedent steps having been taken therefor. All ■of this evidence was overruled, the court holding that the deed was protected by the statute of limitations. The petition in this case was filed December 3, 1879, more than nineteen years after the tax sale, and more than ten years after the recording of the tax deed. The evidence attempted to be offered by the plaintiff" did not tend to prove that the land was not taxable, or that the taxes had been paid, or that the land had been redeemed as provided by law. As plaintiff" offered in evidence the tax-sale certificate setting forth that a sale for taxes was made on the third day of September, 1860, we do not think, upon the whole record, that this is a case where there had been no sale, and. if such be the true construction of the record within the principle announced in Maxson v. Huston, 22 Kas. 643, the statute of limitations was applicable, as the tax deed, when recorded, being prima fade evidence of title, was sufficient to set the statute in operation. Sec. 141, ch. 34, Laws of 1876, reads:
“Any suit or proceeding against the tax purchaser, his heirs or assigns, for the recovery of the land sold for taxes, or to defeat or avoid a sale or conveyance of land for taxes, ■ except in cases where the taxes have been paid, or the land redeemed as provided by law, shall be commenced within five years from the time of recording the tax deed, and not thereafter.” (See also Keith v. Keith, 26 Kas. 27.)
3. Tax deed, of record live years;■narreci. The conveyance of the land for taxes in this case was executed by the officer authorized by law, is regular on its face, contains a perfect description of the land conveyed, was of record more than five years before suit, and during all the existence of such tax deed the holders thereunder have been in actual possession and have paid all the taxes against the lands from the year 1859, and within the terms of said § 141 the bar of the statute fully attached prior to December 3, 1879 — the date this action *194 was commenced. The judgment of the district court will be affirmed.
All the Justices concurring.