A. H. CASE v. HUGH A. FRAZIER, *et al.*

1. TAX DEED, *Not Void on Face.* Where a tax deed executed in 1872, for land bid off to the county, is otherwise *prima facie* valid, and recites that the tax certificate was duly assigned to one H., in consideration of a sum of money therein named equal to the amount for which the sale was made to the county, with all interest due thereon, but such sum is not sufficient to pay the fee to which the county clerk is entitled for his service subsequent to the tax sale, the deed is not void upon its face.

2. TAX-DEED HOLDER; *Recovery of Possession.* Where the land is actually vacant and unoccupied for more than two years after the recording of the tax deed, the holder of such a deed will have two years from the time the original owner or other person takes actual possession of the land, before being barred of his right of action to recover possession thereof.

### Error from Shawnee District Court.

ACTION brought by *Frazier* and another against *Case,* to recover the possession of the southwest quarter of section 18, township 10, range 16, east, situate in Shawnee county. Trial by the court at the adjourned September Term, 1882, and judgment for plaintiffs. Defendant brings the case here. The opinion contains a sufficient statement of the facts.

*Wm. P. Douthitt*, and *Case & Curtis*, for plaintiff in error.
*Waters & Ensminger*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action begun on the 16th day of July, 1880, by the defendants in error (plaintiffs below) against the plaintiff in error (defendant below), for the recovery of certain real property situate in Shawnee county. To the petition defendants below filed a denial of title and right of possession, and also set up the two-years statute of limitation. The case was submitted to the court for trial without a jury, and judgment rendered in favor of plaintiffs below, that they were entitled to recover. The title of plaintiffs below to the land in controversy was founded upon a tax deed executed on the 11th day of May, 1872, to one J. S. Higgins, which was recorded on May 13, 1872. The tax deed recites that the land described therein was sold on the 5th day of May, 1869, for the taxes of 1868, and bid off for Shawnee county for the sum of $12.23, and that on May 15, 1869, the tax-sale certificate was assigned to J. S. Higgins for the sum of $12.45.

It is contended that the tax deed is void upon its face because it does not appear therefrom that Higgins paid into the county treasury a sum of money equal to the cost of redemption at the time he purchased and received the tax-sale certificate. We do not think the point well taken. It is apparent, from the recitals of the deed, that there was paid to redeem the land the full amount for which sale was made to the county on May 5, 1869, which included the fee for the certificate of sale, (*Kregelo v. Flint*, 25 Kas. 695,) together with all interest. No certificate of redemption was to be paid for, as none was necessary to be issued. The fee of the clerk for the certificate under the tax law in force at the issuance of the deed belonged personally to the county clerk, and is not included in the charges or cost of redemption. The tax deed

not only recites that the sum of twelve dollars and forty-five cents paid into the county treasury included the taxes, interest and costs due thereon for the year 1868 — and this we may construe to mean the taxes, interest and costs accruing for the collection of the taxes for the said year — but also recites that the said Higgins paid the subsequent taxes for the years 1869, 1870 and 1871.

It is insisted further, that as the tax deed of plaintiffs below was recorded May 13, 1872, and this action was not begun until July 16, 1880, the statute of limitations, mentioned in subdivision 3, § 16, art. 3 of the code, and in the tax law of 1868, § 116, had fully run before the action was commenced. As it appears that the land was vacant and unoccupied from the time of the filing of the tax deed to the 30th day of June, 1879, at which time defendant below took possession, and as this action was brought in less than two years thereafter, within the principle announced in *Myers v. Coonradt*, 28 Kas. 211, plaintiffs below were not barred by the statute from maintaining their action for the recovery of the possession of the land. This conclusion goes one step beyond *Myers v. Coonradt*, supra, but the argument sustaining that case fully justifies the conclusion. Therefore, we decide that where the land is actually vacant and unoccupied for more than two years after the recording of the tax deed, the holder of such a deed has two years from the time that the original owner, or other person, takes actual possession of the land, before being barred of his right of action to recover the possession thereof.

Other objections are taken to the tax proceedings prior to the execution of the tax deed, but as all these alleged defects are cured by the running of the statute, we need not notice them. (*Jordan v. Kyle*, 27 Kas. 190; *Corbin v. Young*, 24 Kas. 198.)

That the tax deed of Higgins was partially entered in the books of the register of deeds of Shawnee county in print, instead of being wholly recorded in writing, does not affect the case, or destroy the recording of the deed. The court below was not bound to decree the payment of any moneys

on account of the taxes paid, before plaintiffs below were to be let into possession. The tax deed last executed for the taxes of the latest year is paramount to the tax deeds previously executed for the taxes of a previous year, and the tax deed of plaintiffs below wiped out the tax deeds of defendant below. (*Board of Regents v. Linscott,* ante, p. 240.)

The judgment of the district court will be affirmed.

All the Justices concurring.