## A. H. CASE V. HUGH A. FRAZIER, *et al.*

LIMITATION OF ACTION; *Absence of Plaintiff from State.* Where an action is brought for the recovery of real property, and the plaintiff derives his estate and ownership from a tax deed, and claims possession under such tax deed, and claims upon the trial that the irregularities and defects in the tax proceedings prior to the execution of the tax deed are cured by the running of the statute of limitations after the date of the recording of the deed, the defendant, in order to establish the invalidity of the tax proceedings upon which the tax deed is based, may offer evidence of the absence of the plaintiff from the state after the recording of the tax deed, so as to show that the plaintiff cannot invoke the protection of the statute of limitations under the provisions of § 21 of the code.

### *Motion for Rehearing.*

ACTION brought by *Hugh A. Frazier* and *J. W. Bishop* against *A. H. Case,* to recover the possession of the southwest quarter of section 18, township 10, range 16, east, situate in Shawnee county. Trial by the court at the adjourned September Term, 1882, and judgment for plaintiffs. Defendant brought the case here. Plaintiffs claimed title under the following deeds: Tax deed, executed by the county clerk of Shawnee county, May 11, 1872, to Joseph S. Higgins, and recorded May 13, 1872; quitclaim deed, executed by Higgins and wife, December 28, 1872, to J. S. Halderman, and recorded December 30, 1872; quitclaim deed, executed by said Halderman at Martinsburg, West Virginia, July 28, 1874, to William M. Brown, of the same place, and recorded November 23, 1874; quitclaim deed, executed by said Brown and wife, April 8, 1875, to Hugh A. Frazier and J. W. Bishop, of Martinsburg, West Virginia, and recorded July 28, 1875.

This court, at its session in July, 1883, affirmed the judgment of the district court. (30 Kas. 343.) Counsel for plaintiff in error filed a motion for a rehearing, which motion the court decided at its session in April, 1884, and then filed the opinion, *infra.*

44—31 KAS.

*Wm. P. Douthitt, John Guthrie,* and *Case & Curtis,* for plaintiff in error.

*Waters & Ensminger,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: The opinion filed in this case (30 Kas. 343) stated, *inter alia,* that the objections taken to the tax proceedings prior to the execution of the tax deed were cured by the running of the statute of limitations, (subdivision 3, §16 of the Code;) and therefore no notice was taken of the alleged irregularities or defects in the tax proceedings. This conclusion was based upon the evidence contained in the record, which failed to show that the plaintiffs or their immediate grantor were absent from the state after July 28, 1874, for any specified time, and also upon the following findings of the court:

"7. That it was proven that Halderman resided in Topeka, Kansas, until August, 1873, and then left the city of Topeka, declaring he intended to go to West Virginia, since which time his actual presence in or absence from the state was unknown to any witness who testified, except that after October, 1874, when the law for the semi-annual payment of taxes went in force, but after he had sold his land, letters were received from him twice a year from the state of West Virginia.

"8. That the only testimony of the presence in or absence from the state, of Brown, was the recital in Brown's deed that he resided in Martinsburg, West Virginia.

"9. That the only testimony as to the presence in or absence from the state, of plaintiffs, was their depositions, in which they state that at the time of the taking they resided in West Virginia."

Our attention, however, has been specially called, in this motion, to the following additional findings of fact of the trial court:

"17. J. S. Halderman left the state in August or September, 1873, and went to West Virginia to reside, where he has ever since resided and had his domicile, and he has never been in Kansas since, being absent from Kansas ever since.

"18. Brown, the grantor of the plaintiffs, and the plaintiffs, have never at any time lived in Kansas, but have always been absent therefrom."

These findings are not in harmony with the prior findings; and the finding that Brown, the grantor of plaintiffs, and the plaintiffs, have never at any time lived in Kansas, and have always been absent therefrom, is not sustained by the evidence. As the prior findings, however, are mere recitations of testimony rather than actual findings of fact, the latter findings must also be considered. If the latter findings are to prevail, the trial court found as a matter of fact that Halderman, Brown and the plaintiffs were out of the state after August or September, 1873; and although this is not supported by the evidence, we must conclude that the trial court decided that the absence from the state of these parties in no way affected the statute of limitations.

Section 16, article 3 of the civil code, provides:

"Actions for the recovery of real property, or for the determination of any adverse right or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no time thereafter: . . . *Third.* An action for the recovery of real property sold for taxes, within two years after the date of the recording of the tax deed."

Section 21 of the code reads:

"If when a cause of action accrues against a person, he be out of the state, . . . the period limited for the commencement of the action shall not begin to run until he comes into the state; . . . and if after the cause of action accrues he depart from the state, . . . the time of his absence . . . shall not be computed as any part of the period within which the action must be brought."

If the exception set forth in the last section is applicable in this case, then the presence in or absence from the state, of the plaintiffs and their grantors, is a material matter for consideration. This is an action for the recovery of real property. The plaintiffs, if entitled to recover at all, must recover upon the strength of their own title. That title depends upon the validity of the tax deed executed to Higgins

on May 11, 1872. When the tax deed was set up as the foundation of title, the defendant had the right to challenge the tax proceedings upon which it was based for material irregularities or defects, if they were not cured by the running of the statute. The exception to the statute of limitations, stated in the code, must apply to all cases brought thereunder, and therefore to this case. The arrangement of the sections of the statute forbids any other construction. The various sections prescribing periods of limitation in actions real and personal are grouped together; and then follow exceptions to those general causes of limitation. "To hold that these exceptions do not apply to all the clauses of limitation to which they are in their nature applicable, is to ingraft upon the statute something not placed there by the legislature." (*Morrel v. Ingle*, 23 Kas. 37.)

If plaintiffs could call to the protection of their tax deed the statute of limitation, the defendant had the right to insist that the facts in the case, under § 21 of the code, showed that the statute of limitation had not run. The defendant was in possession of the real estate in controversy, and therefore, as against the plaintiffs, was the owner thereof and entitled to the possession of the same. Occupying such relation, the statute of limitation did not bar him from showing that the tax deed had not sufficient support, if the plaintiffs and their grantors were absent from the state sufficient time to prevent the statute of limitation from having operation to protect the tax deed.

The judgment heretofore rendered in this court will be set aside, and the judgment of the trial court reversed, because the findings of the trial court are inconsistent and some of them unsupported by the evidence; and also because the trial court committed error in its conclusion of law, if based upon the finding that Halderman, Brown and the plaintiff were absent from the state after August or September, 1873. Upon another hearing more satisfactory evidence will doubtless be presented upon the question of presence in or absence from the state, of the plaintiffs and their grantors. The tax

deed of May 11, 1872, will not be cured of the fatal defects in the tax proceedings, if the grantee therein named and the subsequent grantees have been out of the state, so as to prevent the operation of the statute of limitation.

The judgment of the district court will be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

All the Justices concurring.