AT

## DES MOINES, DECEMBER TERM, A. D. 1884,

IN THE THIRTY-EIGHTH YEAR OF THE STATE.

---

PRESENT:

HON. JAMES H. ROTHROCK, CHIEF JUSTICE.
" JOSEPH M. BECK,
" AUSTIN ADAMS,
" WILLIAM H. SEEVERS, } JUDGES.
" JOSEPH R. REED,

---

## MAXWELL v. HUNTER.

1. **Tax Sale and Deed**: PAYMENT BEFORE SALE: FACTS NOT CONSTITUTING: APPLICATION OF PAYMENT: MISTAKE. Where one, through his agent, paid the taxes on his land, assessed to another, and the agent, conceiving that he had paid on the wrong land, afterwards had the treasurer apply the payment to other land, and the tax receipts and books were changed accordingly, so as to show the taxes unpaid on the land to which the payment was first credited, and the facts were such that it must be presumed that the principal had knowledge of the change made by his agent, and acquiesced therein, *held* that there was no such payment of the taxes on his land as would defeat a sale thereof for those taxes, and a deed made pursuant thereto.

2. **Tax Title:** ACTION TO QUIET: STATUTE OF LIMITATIONS: EVIDENCE. An action to quiet a tax title cannot be defeated by the patent owner on the ground that it was not brought within five years after the recording of the tax deed, without showing that he or his grantors were in actual possession at the end of the five years. (*Moingona Coal Co. v. Blair*, 51 Iowa, 447; *Goslee v. Tearney*, 52 Id., 455.)

3. **Pleading:** DENIAL: REPETITION OF AVERMENT. Where an averment in an answer is denied in a reply, and the same averment is repeated in an amendment, no further denial thereof is necessary.

4. **Practice in Supreme Court:** VARIANCE DISREGARDED. Where appellant's answer was in confession and avoidance of the tax deed on which plaintiff relied, appellant cannot, on appeal to this court, avoid the force of such confession, by pointing out in appellant's abstract an apparent variance between the allegation and the proof of the thing thus confessed.

*Appeal from Audubon District Court.*

TUESDAY, DECEMBER 2.

ACTION to quiet title to certain land in Audubon county. There was a decree for the plaintiff. The defendant appeals.

*Andrews & Stoltz* and *J. M. & R. W. Griggs*, for appellant.

*H. W. Maxwell* and *Wm. Phillips*, for appellee.

ADAMS, J.—I.   The plaintiff claims under a tax deed. The defendant contends that the tax deed is void for the reason, as alleged, that the taxes for which the land was sold had been paid prior to the sale. The taxes in question are the taxes for 1868, 1869 and 1870. We think that the evidence shows that the taxes for the first two years were paid in November, 1869, and for the last year in February, 1871. The land was sold for these taxes in October, 1871. If this were all, it would seem to be clear that the sale would be void. But in 1871, and prior to the sale, certain changes were made in the tax books and tax receipts, so that, at the time of the sale, it did not appear from the books and receipts

1. TAX SALE and deed: payment before sale: facts not constituting: application of payment: mistake.

that the taxes were to be deemed paid. The person who was at that time owner of the land, and the tax-payer, was one Heidlinger, who, it appears, lived in Indiana, and paid his taxes through one Houston. The question presented is as to whether Heidlinger was a party to the change made in the tax books and receipts.

The history of this case, as nearly as we can ascertain, is substantially as follows: Heidlinger purchased the land in 1861. The recorder, in recording his deed, made a mistake, so that the record did not show Heidlinger to be the owner, and the land was assessed to another person. Heidlinger, however, guided either by the records which he had in his possession, or having otherwise in mind the correct description of his land, sent to Houston money for the payment of his taxes, giving such description and proper instructions. Houston properly applied the money. The taxes upon the proper land were marked paid, and proper receipts were issued. Later, to-wit, in 1871, Houston seems to have conceived the idea that he had made a mistake. He had applied Heidlinger's money in the payment of taxes upon land assessed and taxed to another person, and which, so far as the record of deeds showed, Heidlinger did not own. He accordingly took the tax receipts to the treasurer and had a change made therein, and a corresponding change in the tax records, the object being to transfer the payments to other lands. The changing of the records in this way, after they were once fairly made, and with the intention of giving them a different legal effect, is, in our opinion, subject to very grave objections; but, however objectionable, it appears to us that if Heidlinger was a party to the change he was bound by it, and his payments from that time were not applicable to the land in question. When we come to the question as to whether Heidlinger was a party to the change, we meet with some difficulty. He was not, we think, necessarily such because his agent, Houston, procured it. Houston's instructions were to pay on the land in question, and we can-

not find in such instructions authority to transfer the pay-
ments, once made, to other lands. We have to say, also,
that we find no direct evidence of authority beyond such
instructions. But, when we come to look into the circum-
stances shown, we cannot avoid the conviction that Heid-
linger had knowledge of the change, and, at least, acquiesced
in it. The receipts offered by the defendant in evidence
show the change. Did Heidlinger have the receipts after
the change? We think so. The defendant holds under him,
and should, we think, in the absence of evidence to the con-
trary, be presumed to have derived the receipts mediately or
immediately from him to whom they belonged. If he derived
them from some other person, as from Houston, and under such
circumstances as to preclude the supposition that Heidlinger
had possession or knowledge of them after the change, he
should have shown it. But upon this point evidence is
entirely wanting.

The defendant's position is that the transfer was a mis-
take, and, in consequence of it, the land was sold by mistake,
and that they are entitled to be relieved against it. But the
mistake is of the same character as where a person, desiring
to pay taxes on certain land of his, should, through his own
negligence or misunderstanding as to what he owned, pay on
the wrong land, and afterwards, the taxes on his own land
remaining unpaid, his land should go to sale and deed. A
court could not relieve the land-owner against such a mistake.

II.. The defendant insists, however, that the plaintiff's
action is barred by the statute of limitations. The tax deed
was recorded in 1875. The action was not
brought until more than five years thereafter.
The plea of the statute of limitations would have
been available to the defendant if he, or those
under whom he claims, had been in actual possession at the
end of the five years; (*Barrett v. Love*, 48 Iowa, 103;) but
the evidence does not show that they were. The case, then,
falls within the rule of *Moingona Coal Co. v. Blair*, 51

2. TAX title :
action to
quiet: statute
of limita-
tions : evi-
dence.

Iowa, 447, and *Goslee v. Tearney*, 52 Iowa, 455. The defendant insists that, even in the absence of evidence, he,

**3. PLEADING : denial: repetition of averment.** or those under whom he claims, should be deemed to have been in possession when the five years expired, because he says that he so averred, and the allegations were not denied by a reply. Without holding that a reply was necessary, it is sufficient to say that a reply was filed, in which the possession was denied. It is true that afterwards the defendant filed an amendment, in which he averred the possession a second time; but it was not necessary to deny what had already been denied.

One point remains to be noticed. The copy of the tax deed, set out in the abstract as the tax deed introduced in

**4. PRACTICE in supreme court: variance disregarded.** evidence, does not correspond, as to the description of one of the forty-acre tracts, with the copy of the tax deed attached to the petition as an exhibit. The appellant, in his argument in reply to the appellee's argument, calls our attention to this fact; but he had already admitted in his answer the execution of a tax deed, as set out in the petition and shown by the exhibit, and had placed his defense upon the ground that it was void. We think that we must be governed by the pleadings.

The judgment of the district court must be

AFFIRMED.