## WATKINS *v.* REED.

### (*Circuit Court, D. Kansas.* 1887.)

LIMITATION OF ACTIONS— RUNNING OF STATUTE — ABSENCE FROM STATE — TAX TITLE.

   The Kansas tax law, § 141, (Comp. Laws, p. 967,) limiting the time for bringing an action to defeat or avoid a tax sale to five years after the recording of the tax deed, except in cases where the tax has been paid or the land redeemed, is to be construed in connection with Code Civil Proc. § 21, which provides that, if a person be without the state when any cause of action accrues against him, the period limited shall not commence to run until he comes into the state; and the running of the statute in favor of the holder of a tax title will be suspended during his absence from the state.[1]

Motion for a New Trial.
*C. N. Sterry,* for plaintiff.
*Utley & Martin,* for defendant.

BREWER, J.     There is but a single question in this case, and that is whether section 141 of the tax law (Comp. Laws, 967) provides, within itself, a complete and absolute limitation, unaffected by any of the provisions of the general limitation article of the Code of Civil Procedure, and especially section 21 of said article.   Section 141 reads as follows:

   "Any suit or proceeding against the tax purchaser, his heirs or assigns, for the recovery of lands sold for taxes, or to defeat or avoid a sale or conveyance of land for taxes, except in cases where the taxes have been paid or the land redeemed as provided by law, shall be commenced within five years from the time of recording the tax deed, and not thereafter."

And section 21 of the Code of Civil Procedure, so far as is material to this case, reads as follows:

   "If, when a cause of action accrues against a person, he be out of the state, the period limited for the commencement of an action shall not begin to run until he comes into the state."

Does this exception apply to section 141.     Article 3 of the Code is devoted entirely to the matter of limitations.     Section 15 provides "that civil actions can only be commenced, within the periods prescribed in this article, after the cause of action shall have accrued; but where, in special cases, a different limitation is prescribed by statute, the action shall be governed by such limitation."     Then follow several sections prescribing different limitations for different actions.     Besides these, there are three or four sections making special exceptions to the general operation of the limitation clauses; as, for instance, the legal disability of the plaintiff, the absence or concealment of the defendant, or the failure of the first action.

Now, it is contended by the defendant that this limitation section in the tax law is unaffected by these various exceptions in article 3.     The

---

[1] Respecting the suspension of the running of the statute of limitations by absence from the state, see Wood v. Bissell, (Ind.) 9 N. E. Rep. 425, and note.   See, also, Engel v. Fischer, (N. Y.) 7 N. E. Rep. 300; Miller v. Lesser, (Iowa,) 32 N. W. Rep. 250.

supreme court of the state has not definitely decided this. It is true that in *Walker* v. *Boh*, 32 Kan. 354, 4 Pac. Rep. 272; *Harris* v. *Curran*, 32 Kan. 580, 4 Pac. Rep. 1044; *Doyle* v. *Doyle*, 33 Kan. 725, 7 Pac. Rep. 615,—there are some expressions which seem to sustain the claim of the defendant. But it is also true that in *Bonifant* v. *Doniphan*, 3 Kan. 33, and in perhaps some other cases, there are intimations to the contrary. The matter is not clear in my mind, but it seems a fair construction of the various statutes, and more in consonance with the reasonable purpose of all limitation laws, to hold against the views maintained by the defendant.

1. Statutes *in pari materia* are to be construed together, and to be made harmonious if possible. Section 141, though in the tax law, is a pure statute of limitation, and as such should be made to harmonize with the general provisions concerning limitations. If it were found in article 3, there would be no doubt about the matter. Does its mere location compel a different conclusion?

2. The language in section 15, "where in special cases a different limitation is prescribed," refers to the general rule of limitation, and not to the matter of exceptions. Thus, section 141 is to be construed as prescribing a general rule for actions against the holders of recorded tax deeds, and not to exclude exceptions which otherwise apply alike to all limitation provisions.

3. Section 21 is general in its terms,—"when *a* cause;" not a cause mentioned in this article, but any cause. Could language be more comprehensive?

4. There seems no reason or justice in giving an exception in the case of an ordinary action for the recovery of real estate, and none in case of an action against the holder of a tax title. The fact that, by placing his tax deed upon record, the holder exposes himself to an action for the recovery of possession, although he be himself a non-resident, puts him in no different position than any other non-resident who is in actual possession. Each may be sued, but each alike must be served by publication. While short statutes of limitation may be necessary to compel prompt payment of taxes, why should non-residents be invited to invest their money in tax titles rather than in industries of general benefit to the state?

5. Not only is there no reason for a distinction in favor of the holder of a tax title, but in fact there seem weighty reasons for enforcing the exception, as against him; for by section 143, Comp. Laws, 968, by simply placing his tax deed on record he authorizes the holder of the original title to institute an action for the recovery of possession. Such an action is, however, to one in actual possession, at least, permissive, and not obligatory. *Myers* v. *Coonradt*, 28 Kan. 211. Actual possession is ordinarily better notice of the claim of title than the record of the deed; and it would often tend to injustice to hold a party barred of all remedy who failed to bring an action for the recovery of possession, where the land was absolutely vacant, simply because a tax deed had been placed on record more than five years.

For these among other reasons thus briefly stated, in the absence of any express ruling by the supreme court of the state, I agree with my brother FOSTER, and overrule the defendant's motion for a new trial.