PETER HAASE AND MARY HAASE v. R. P. KELLEY.

No. 572.

LIMITATION OF ACTIONS— *Tax Deed—Irregularities in Tax Pro-
ceedings.* Where land remained vacant and unoccupied for more
than eight years after the recording of a tax deed, and the holder
brings an action in ejectment against one who, for three years
prior to the commencement of the action, had been in the un-
interrupted possession of the same under a chain of title reach-
ing back to the original patent therefor, and during the whole of
the period between the recording of the tax deed and the com-
mencement of the action the holder of the tax deed and his
grantees were non-residents of the state and absent therefrom,
*held*, that the limitation contained in section 141 of the tax law
(Gen. Stat. 1889, ¶ 6995, Gen. Stat. 1897, ch. 158, § 204) had not
so run as to prevent the occupant from interposing the defense
that the tax proceedings prior to the execution of the tax deed
were so irregular as to render the tax deed insufficient. (*Walker
v. Boh*, 32 Kan. 354, 4 Pac. 272.)

Haase v. Kelley.

Error from Greenwood district court; C. W. SHINN, judge.   Opinion filed March 20, 1899.   Affirmed.

*J. B. Clogston*, and *L. E. Clogston*, for plaintiffs in error.

*R. P. Kelley*, for defendant in error.

The opinion of the court was delivered by

MILTON, J. :   This action was begun in July, 1894, by R. P. Kelley, to quiet his title to certain real property in Greenwood county as against the plaintiffs in error, who claimed by mesne conveyances under a tax deed regularly issued and duly recorded in the year 1882.   The plaintiffs in error filed a cross-petition which stated a cause of action in ejectment against the plaintiff, who for three years prior to the filing thereof had been in the peaceable and uninterrupted possession of the land under a claim of title derived from the original patent.   The plaintiff dismissed his action and filed an answer to the cross-petition, averring the invalidity of the tax deed, and setting up the two-year statute of limitation, and the case was thereupon tried as an ejectment action, plaintiffs in error assuming the affirmative of the issue joined.   The plaintiffs in error and their grantors have always been non-residents of the state and have never occupied the land, except that in 1883 and 1884 sheep belonging to the immediate grantors of the plaintiffs in error were pastured on the land, which was then, and until December, 1890, wild pasture land.

The court made the following conclusions of law :

"1.   Plaintiff is not barred by section 141 of chapter 107, paragraph 6995, of the General Statutes of 1889, from showing, in defense of his possession, that defendant's tax deed is invalid.

"2. The tax deed under which defendants Peter and Mary Haase claim is void.

"3. Defendants Peter and Mary Haase are barred by section 16 of the code of civil procedure from maintaining an action for the recovery of the property in controversy.

"4. Plaintiff is entitled to a judgment for his costs herein."

Judgment was rendered in accordance with the foregoing conclusions.

Counsel for plaintiffs in error contend that, where land is vacant and unoccupied, the recording of a tax deed, regular on its face, conveying such land, starts the five-year statute of limitations to running in favor of the tax deed, although possession has not been taken thereunder; and that since the land in controversy remained vacant and unoccupied for more than eight years after the tax deed under which plaintiffs in error claim was recorded, the same was incontestable, under the provisions of section 141 of the act relating to taxation. The trial court entertained a contrary view and decided against the validity of the tax deed, for the reason that the tax-sale notice for the sale on which such deed was based omitted the words "at public auction." We think the decision of the trial court is correct, and it is sustained by the following cases: *Myers v. Coonradt*, 28 Kan. 211; *Walker v. Boh*, 32 id. 354, 4 Pac. 272; *Doyle v. Doyle*, 33 id. 725, 7 Pac. 615.

The decision in *Case v. Frazier*, 31 Kan. 689, 3 Pac. 497, is also applicable to the facts of the present case. We quote from the opinion:

"If plaintiffs could call to the protection of their tax deed the statute of limitations, the defendant had the right to insist that the facts in the case, under section 21 of the code, showed that the statute of limi-

Haase v. Kelley.

tations had not run.   The defendant was in possession
of the real estate in controversy, and therefore, as
against the plaintiffs, was the owner thereof, and en-
titled to the possession of the same.   Occupying such
relation, the statute of limitations did not bar him
from showing that the tax deed had not sufficient sup-
port, if the plaintiffs and their grantors were absent
from the state sufficient time to prevent the statute of
limitations from having operation to protect the tax
deed.''

We are unable to agree with the claim of counsel that
the land in controversy was, in legal contemplation,
occupied in the years 1883 and 1884.   '' Merely graz-
ing cattle and horses on land will not show adverse
possession.'' (1 A. & E. Encycl. of L., 2d ed., 828,
and cases cited in note.)

We think it was proper for the trial court to disre-
gard the attack on the title of defendant in error by
means of the affidavit filed in support of the motion for
a new trial.   It has often been declared by our supreme
court that the plaintiff in ejectment must recover on
the strength of his own title and not on the weakness
of that asserted by the adverse party.   Besides, the
defendant in error was in possession of the land under
a warranty deed regular on its face.   The judgment
of the district court will be affirmed.