By the Court :
The first point presented in this case is, can ejectment be maintained on a possessory right only? It has been decided by this court that it can against a disseizor, who shows no right at all, or none better.
The second point to be decided is, were the deeds from Symmes to Ludlow’s administrators, and from them to the defendant, admissible to defeat the possessory right on which the lessors of the plaintiff founded their claim to recover ? The original title of ],Symmes is universally admitted; consequently a paper title from him is prima facie evidence of better title than mere possession, and was rightly admitted.
| The third question presented is, does the deed from Symmes to iDayton rebut the defendant’s evidence, or fortify the plaintiff’s?
Although it rebuts the defendant’s title, yet it at the same time defeats the plaintiffs’ right to recover. The order of introducing the evidence may be likened to a case of special pleading, and, in *383 that view this part of the proof, when offered by the plaintiffs, is a departure. The plaintiffs set out by claiming a right by possession only. This the defendant met and answered by producing a paper title in himself. The plaintiff then proposes to show a better title in a third person. This is clearly a departure from, his first *claim, and no way fortifies it. But the plaintiff replies that he connects himself with the title thus adduced, and holds under it. Where is the evidence of this? In what character did Ludlow hold under Dayton ? If as a disseizor, his case is no better. If a tenant at will, ejectment can hardly help him. If as a purchaser, where is the evidence of his purchase?
It is argued that Ludlow’s claiming to hold as a purchaser from Dayton, raises a presumption in his favor. A man can not raise a legal presumption in his own favor, by his own act merely, to the prejudice of others. Nor can we presume a deed to have existed from his possession and claiming title, unless the possession is continued until the statute of limitations comes in to aid him. If the presumption of a grant can be raised in this case, without any evidence of payment to Dayton, or without any acts or acknowledgment of Dayton, to fortify such presumption, what is there to prevent the same pregumption arising in favor of every squatter who gets possession and claims to be a purchaser, and holds possession twelve or fifteen years. There would be no need of resorting to the statute of limitations, for protection of possession, when the doctrine of presumption would aid much sooner. The statute must then be the only rule in presuming title?
In this case the lessors of the plaintiff!, by showing a paper title in Dayton, paramount to their possessory right, without connecting themselves with Dayton’s right, show the right of possession -in Dayton, and not in themselves, and, therefore, can not recover.