## DENNIS MOONEY v. MARY E. OLSEN.

1. POSSESSION OF REAL ESTATE; *Evidence of Title; Heirs.* Possession of real estate with a claim of ownership is not only evidence of title, but is title itself in a low degree, and will descend to heirs; and prior possession with such a claim will, even in ejectment, prevail over a subsequent possession acquired by mere entry without any lawful right.

2. ———— Where F., who was in the possession of land under color of title, claiming to be the owner, died, and her rights in the land descended to her heir, O., and M. subsequently took possession of the land without any lawful right, and claimed to own the same, *held,* that between O. and M., in an action in which O. is required to show ownership in herself as against M., that M. cannot show, for the purpose of defeating O.'s title, that F.'s title was in fact defective at the time of her death, or that in fact there was a paramount outstanding title in a third person.

*Error from Leavenworth District Court.*

APRIL 23d, 1877, *Mary E. Olsen,* plaintiff below, filed her bill of particulars before John McKee, a justice of the peace in and for Leavenworth township, for the use and occupation of lot 22, in block 79, in Leavenworth city proper. May 26th, 1877, defendant below filed his sworn answer, and moved the justice to stay proceedings before him, and certify the case to the district court of Leavenworth county, which motion was sustained. Papers were filed in the district court May 29th, 1877. November 23d, 1877, the case was tried in the district court, and the court found for the plaintiff below. November 24th, 1877, defendant below filed his motion for a new trial. November 26th, 1877, the motion was overruled. The facts as found by the court are as follows:

"The evidence proved that John Foster was living in Leavenworth city, Kansas, in 1871, with a lawful wife; that his wife left him in 1871 to visit her friends in England, with the intention of returning; that the last time she was heard from, after leaving her husband in Leavenworth, was a few days afterward, from New York, where her husband, said John Foster, heard that she had taken the ship 'Queen' to England. On the 18th day of October, 1874, said John Foster married one Lydia Mooney, in Leavenworth county;

that he lived with Lydia Mooney as his wife up to October 5th, 1875, when he died, leaving the said Lydia surviving him. The said Lydia died on the 8th day of July, 1876. Before she died she made a will, and by the will gave lot 22, block 79, in Leavenworth city, Leavenworth county, Kansas, to the defendant, Dennis Mooney. The said Dennis Mooney, shortly after the said Lydia's death, took possession of the above-described property under the will, and has held possession of it ever since. The will of Lydia Foster had, before the commencement of this action, been declared void by a judgment in the above-entitled court, (the district court of Leavenworth county, Kansas,) which said judgment remains in full force, and the will had been legally vacated and set aside. The plaintiff, Mary E. Olsen, is the half-sister of the said Lydia Foster, deceased, and is her only heir-at-law, and was her only heir-at-law up to the time of her death, and claimed such property as such heir-at-law. The said John Foster was the owner in fee simple of said described lot at the time of his death. The claim of the plaintiff sued for in this action is for the rent of said lot from the time said defendant, Dennis Mooney, took possession of the same up to the time suit was commenced. The said John Foster was in possession of the lot up to the time of his death, and the said Lydia was in possession of the same from time of his death until the time of her death. It was not proven or attempted to be proven that John Foster had ever been divorced from his first wife at the time of his marriage with said Lydia, or at the time of his death, or that his said first wife had ever been divorced from him."

On the above facts the court found for the plaintiff, and found that she was entitled to recover from the defendant the value of the use of the premises; to which finding and decision of the court the defendant then and there duly excepted. Therefore the said defendant presented his bill of exceptions, that the same might appear of record in the case, and asked that the same be signed by the judge and made part of the record in this case, which was accordingly done. The defendant *Mooney* brings the case here for review.

*Taylor & Gillpatrick,* for plaintiff in error:

Under the facts as above stated, and found by the court below, John Foster, in 1871, had a lawful wife living with

him in Leavenworth county, Kansas; that in 1874 he married Lydia Mooney, at Leavenworth county, Kansas; that he never obtained a divorce from his first wife, nor did she ever obtain a divorce from him. This marriage with said Lydia was void, and she did not, and could not, in law, inherit any of the property of said John Foster at his death. (*Pengree, Adm'r, v. Goodrich,* 41 Vt. 48.)

The proof of the death of a person once living is incumbent upon the party who asserts the death; for it is presumed that the party still lives, until the contrary is proven. (38 N. Y. 296; 1 Greenl. Ev., § 41.)

The law presumes the continuance of life, and the death of neither husband nor wife will be presumed until a period of seven years has elapsed, without being heard from. (38 N. Y. 296; 1 Metc. 211; 18 Johns. 346; 2 Stark. Ev. 457; 6 East, 85; 10 Pick. 515; 1 Greenl. Ev., § 41, and cited cases.)

Lydia Mooney's marriage with John Foster being void, she could not in law inherit any of the property owned by him at the time of his death, nor could the plaintiff below claim said property or any of it, through said Lydia, by being the heir of said Lydia.

Upon the findings of fact and the law, the defendant below was clearly entitled to a judgment. This court will render such judgment as the court below should have rendered, or remand the case, with instructions to the court below to render a proper judgment. (Civil Code, § 559; 15 Kas. 88; 11 Kas. 175; 10 Kas. 37.)

*H. T. Green,* for defendant in error:

Lydia Foster died possessed, among other property, of two acres of the S.W. ¼ of S. 30, T. 9, R. 23, known as "Petersburg," in Leavenworth county, making a will in which this lot was devised to plaintiff in error. The defendant Olsen is the heir-at-law of Lydia Foster. Plaintiff in error entered possession of this land under that will, and occupied it during the time for which this suit was brought. The will of Lydia

Foster, at the suit of defendant Olsen, was declared void by the district court of Leavenworth county. The only defense set up below in this suit is, that Lydia Foster was not the owner of the property occupied by plaintiff in error. Now, can plaintiff in error dispute the title of the person under whom he took possession, and under whom he claims title as a devisee in the will? The law is well settled that a tenant cannot, at the suit of the landlord, set up title in a stranger. In this case, plaintiff in error claims to hold the property under no title other than from Lydia Foster; and the defendant in error, holding the legal title from Lydia Foster, occupies the position of landlord toward the plaintiff in error, and he cannot deny her title. Where parties claim title from one person as a common source, neither party is at liberty to deny that such person had title. (*Gaines v. New Orleans*, 6 Wall. 642.) The rule applies when parties claim under devise as well as by deed. (U. S. Dig. 1877, p. 281, § 11, citing *Myrick v. Wells*, 52 Miss. 149.)

The plaintiff in error claims title by devise of Lydia Foster, under which he entered, and he is estopped to deny her title and set up title in a stranger from whom he does not show any title or possession, and he cannot refuse to pay rent to the heir of the person under whom he entered. (7 Penn. 185; 28 Penn. 406; Herman on Estoppel, p. 373.) An agreement to purchase is an acknowledgment of the title of the vendor, and hence the vendee cannot set up title in a stranger in ejectment. (14 Johns. 224; Herman on Estoppel, 372.) Where a tenant, holding by a deed to him as tenant in common, ousted his co-tenant, who brought ejectment, it was held that the tenant could not set up in defense an adverse title in a stranger. (1 Washb. on Real Prop. 435, citing 6 Vt. 395.) The right of the plaintiff to sue for rent is clearly given by statute, whatever might have been the common law. Gen. Stat., ch. 55, § 20, p. 503, says: "The occupant, without special contract of any lands, shall be liable for the rent to any person entitled thereto."

There is no presumption that John Foster, the husband of

Lydia, committed the crime of bigamy by his last marriage. This the plaintiff in error seeks to do after both are dead, which, if done, would give the plaintiff in error no protection, as he has not shown that the first wife is now or was alive when John Foster died, or that he represents the first wife, if living, or has any right under her. Lydia Foster died seized of the property in controversy, and that possession descended to her next of kin, who is the defendant in error, and the other is a usurper.

The opinion of the court was delivered by

VALENTINE, J.: This was an action for rents; but the only question presented to this court is whether, upon the facts of the case, the plaintiff below, Mary E. Olsen, is, as against the defendant below, Dennis Mooney, the owner of the real estate for which said rents are claimed. Originally, both parties claimed to own said real estate, and both claimed title thereto under one Lydia Mooney Foster. The plaintiff, Mary E. Olsen, claimed as the half-sister and only heir of said Lydia Mooney Foster, and the defendant, Dennis Mooney, claimed as the devisee of the said Lydia Mooney Foster.

It seems from the oral arguments of counsel, that Dennis Mooney was the uncle of both said Lydia Mooney Foster and said Mary E. Olsen, and that they were the daughters and only heirs of his deceased brother.

It appears that the will of the said Lydia Mooney Foster, devising said property to said Dennis Mooney, was, after he took possession of the property under it, duly set aside by proper judicial determination. This ended Mooney's claim under the will; but he now sets up the claim that said Lydia never owned the property, and therefore that it could not have descended from her to the plaintiff Olsen, and therefore that the plaintiff Olsen cannot maintain this action. He claims that Foster's first wife is still living; that neither she nor Foster was ever divorced from the other; that the marriage of Foster and said Lydia was therefore void; that at Foster's

death, the property descended by law to Foster's first wife, and not to Lydia, and that Foster's first wife still owns the property. The plaintiff, however, contends that this second claim of the defendant, that the property descended to Foster's first wife and not to Lydia, is not available, for several reasons.

1. The plaintiff contends that as both parties claimed originally under said Lydia, that the defendant cannot now abandon that claim and set up a new and different claim inconsistent with his first claim, denying that said Lydia ever had any interest in the property. (*Gaines v. New Orleans*, 6 Wall. 642; *Myrick v. Wells*, 52 Miss. 150, 154.)

2. The plaintiff also contends that the defendant cannot dispute the validity of said marriage between said Foster and said Lydia. (*Carroll v. Carroll*, 20 Texas, 731; *Greensborough v. Underhill*, 12 Vt. 604.)

3. And the plaintiff also contends that even if said marriage betwen Foster and Lydia was void; even if Foster's first wife was still living at the time of his second marriage, and that neither he nor his first wife was ever divorced; even if the title to the property descended to Foster's first wife and not to his second wife Lydia; even if his first wife is still living, and, as against the plaintiff, is the paramount owner of the property — still, as between the plaintiff and the defendant, the plaintiff must be considered as the owner of the property. And the plaintiff so contends because the plaintiff's ancestor, Lydia, had the peaceable, quiet and exclusive possession of the property, under color of title, claiming to be the owner thereof, and the plaintiff succeeded under the law of descents and distributions, (Gen. Stat. 394, 395,) to all of Lydia's rights — and the defendant is a mere subsequent intruder and trespasser upon the premises.

Without expressing any opinion as to the first and second contentions of the plaintiff, we would say that we think the third is sound. The plaintiff has unquestionably succeeded to all of Lydia's rights, whatever they may be, and prior possession, even in ejectment, will prevail over a subsequent

possession acquired by entry without any lawful right: 5 U.S. Dig. (F. S.) 141 Par. 129, and cases there cited. See, also, *Ludlow v. McBride,* 3 Ohio, 241; *Ludlow v. Barr,* 3 Ohio 388; *Devacht v. Newsam,* 3 Ohio, 57; *Newnam v. Cincinnati,* 18 Ohio, 323; *Phelan v. Kelley,* 25 Wend. 389; *Jackson v. Harder,* 4 Johns. 202; *Hoey v. Furman,* 1 Penn. St. 295; *Perkins v. Blood,* 36 Vt. 273; *Piercy v. Sabin,* 10 Cal. 22; *Williams v. Swetland,* 10 Iowa, 50. This is certainly true where the possession is coupled with a claim of ownership. Possession with a claim of ownership is not only evidence of title, but it is title itself in a low degree. (2 Black. Com. 195.) And it is such a title as will descend to heirs. (2 Black. Com. 196; *Ludlow v. McBride,* 3 Ohio, 241; *Phelan v. Kelley,* 25 Wend. 389.) With reference to what interest in land will enable a plaintiff to recover in ejectment in this state, see *Duffey v. Rafferty,* 15 Kas. 9; *O'Brien v. Wetherell,* 14 Kas. 622; *Simpson v. Boring,* 16 Kas. 248.

In our opinion the plaintiff must recover. If the defendant claims under said Lydia, then the plaintiff's right to the property is unquestionably the best, for she has succeeded to all of Lydia's rights, and he has succeeded to none of them. But if the defendant does not claim under Lydia, then he is a mere intruder and trespasser, having no rights as against the plaintiff; for whatever supposed right the defendant may have obtained as against others, by virtue of his possession and claim of ownership, yet as against the plaintiff, his possession, claim of ownership, and right derived therefrom, are subsequent in time, and therefore inferior in efficacy to those of the plaintiff, inherited from her sister Lydia. Lydia not only had possession of the property, and claimed to own it, but she also had color of title, and the only way in which it is attempted to be shown that she did not in fact have title, is by showing that her marriage with Foster was invalid. We do not think that a subsequent intruder can show this for the purpose of invalidating her title.

The judgment of the court below will be affirmed.

All the Justices concurring.