Corbin v. Bronson.

---

AUSTIN CORBIN v. IRA D. BRONSON.

1. STATUTE OF LIMITATIONS, *Not Evaded by Second Tax Deed.* Where a tax deed is sufficient in form to convey the land described therein, and has been entered of record, but no steps taken thereunder for the recovery of the property, and such tax deed has become barred by the statute of limitations, the holder thereof is not entitled to a subsequent or second tax deed for the purpose of evading the statute of limitations.

2. TAXES PAID, *When no Recovery of.* Where a tax deed is barred by the two-years statute of limitations, and no steps have been taken before

the statute of limitations has run for the recovery of the real property sold for taxes, neither the holder of the tax deed, nor anyone claiming under him by virtue of such tax deed, can recover back the taxes paid, nor have them declared a lien on the land under the terms of ¿ 142, ch. 107, Comp. Laws of 1879.

*Error from Bourbon District Court.*

ACTION brought by *Corbin* and another against *Bronson,* to recover certain land in Bourbon county. Trial at the December Term, 1881, of the district court, Hon. W. C. W., judge *pro tem.,* presiding, and judgment for defendant. *Corbin* brings the case here. The opinion states the facts.

*E. F. Ware & C. L. Ware,* for plaintiff in error.

*C. O. French,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action in the nature of ejectment, to recover certain real estate situate in Bourbon county. The plaintiff bases his right of recovery upon a tax title. Defendant has been in possession of the premises for twenty-five years. Plaintiff to sustain his cause of action offered in evidence a tax deed to his grantor, one E. L. Goddard, dated July 26, 1875, and recorded August 16, 1875; also a subsequent tax deed, dated September 4, 1877, and recorded August 26, 1880, alleged to have been issued to cure certain supposed defects in the first tax deed. The trial court sustained a demurrer to the evidence. This ruling is complained of, but the complaint is not tenable. The statute of limitation applicable to tax deeds where the holder thereof is out of possession, prevents any recovery.

The second tax deed does not count in this controversy, as the tax deed of July 26, 1875, does not substantially depart from the statutory form. It is urged by counsel that the first tax deed was irregular and imperfect, for the reasons that it contained no recital that the specific land deeded had not been redeemed, or set forth upon what specific land the three years' subsequent taxes had been paid. Upon this matter we differ

with counsel. The deed recites that "three years have elapsed since the date of said [tax] sale, and said property has not been redeemed therefrom as provided by law;" and also recites that the "subsequent taxes, for the year 1872 for the sum of $10.34, and for the year 1873 for the sum of $7.85, and for the year 1874 for the sum of $7.30, have been paid by the purchaser as provided by law." These statements evidently refer to the specific land transferred by the tax deed. As the deed prior thereto recites the portion of the land redeemed, therefore the land not redeemed is the portion not previously recited as released from the tax lien, and the payment of the subsequent taxes likewise refers to the land not so redeemed. The statute authorizes only one tax deed on each sale to be executed by the county clerk. If all the proceedings up to the execution of the tax deed be regular and legal, the holder of the tax certificate is entitled to a deed in legal form and carrying that *prima facie* evidence of the regularity of all prior proceedings which belong to a statutory deed; and if through mistake or inadvertence a different deed and one substantially departing from the statutory form has been executed, the county clerk may execute and deliver a subsequent deed in correct and statutory form. (*Douglass v. Nuzum,* 16 Kas. 515.) But where a valid deed has once issued, the holder of the tax certificate is not entitled to a subsequent or second deed merely for the purpose of evading the statute of limitations. The first tax deed was in all respects valid and carrying upon its face *prima facie* evidence of the regularity of all prior proceedings which belong to a statutory deed. As it was recorded August 16, 1875, and as no action was brought for the recovery of the real property sold for taxes within two years after the recording of the deed, plaintiff is not entitled under the statute of limitations to maintain any action thereon for the recovery of the real property mentioned therein. (*Bowman v. Cockrill,* 6 Kas. 311.) As plaintiff's action for the recovery of the real property by virtue of his title under the tax deed was wholly barred by the statute prior to the commencement of this ac-

tion, the plaintiff is not entitled to recover back the taxes paid, nor have them declared a lien on the land. Section 142, ch. 107, Comp. Laws of 1879, applies to the holder of a tax deed or to a person claiming under him by virtue of the tax deed, who is defeated in his action on account of some defect in the tax deed or the tax proceedings. But this section was never intended to benefit a party who has obtained a good and valid tax deed and afterward permits it to become valueless by his own *laches*. The object of this statute was to assist in the collection of taxes, and not to benefit the negligent tax-holder who refused to take any steps to recover the land described in his tax deed until after the statute of limitation has run. Section 1, ch. 40, Laws of 1879, gives the plaintiff no additional rights. The subsequent tax deed of September 4, 1877, was issued and recorded without authority; and the statute of 1879 was not enacted for the benefit of parties accepting or recording such deeds. Its object was to benefit parties claiming to own the land sold for taxes.

The judgment of the district court must be affirmed.

All the Justices concurring.