B. F. HOLLENBACK, *et al.*, v. HENRY N. ESS, *et al.*

| 31 | 87 |
|----|-----|
| 41 | 257 |
| 31 | 87 |
| 47 | 69 |
| 31 | 87 |
| 75 | 678 |

1. EJECTMENT; *Finding Sustained.* In an action of ejectment, proof of possession under claim of title for over fifteen years is sufficient to sustain a finding of title as against a party under no disability and claiming title only by virtue of a recent and insufficient tax deed.

2. TITLE; *Lost Deed; Judgment Not Reversed.* Where the plaintiff's title is supported by two lines of evidence, and along one line the undisputed facts compel a finding in favor of plaintiff's title, this court will not stop to inquire whether there was error in the admission of testimony running along the other line. Thus, when a party claims title by a succession of conveyances from the government, and also by possession under claim of title for over fifteen years, and the latter fact is established beyond dispute, *held*, that a judgment in favor of the plaintiff will not be reversed, although satisfactory proof of the existence and contents of one deed in the chain of title was not produced.

3. DEFECTIVE NOTICE; *Invalid Tax Deed.* A tax deed may not issue until three years after the sale, and when the notice of redemption authorizes a deed within less than three years, such notice is defective and a deed issued thereon invalid.

### *Error from Johnson District Court.*

ACTION by *Ess* and another against *Hollenback* and another, to recover the possession of the south half of block forty-six, in the town of Shawnee, in Johnson county. Judgment for plaintiffs, at the June Term, 1883. Defendants bring the case here. The facts appear in the opinion.

*I. O. Pickering,* for plaintiffs in error.

*A. Smith Devenney,* for defendants in error.

The opinion of the court was delivered by

BREWER, J.: This was an action of ejectment, to recover the possession of the south half of block 46, in the town of Shawnee, Johnson county. The plaintiffs claim to hold the original title from the government, and the defendants claim under a tax deed. Notwithstanding the elaborate arguments made on both sides, we think two very clear and simple propositions sustain the judgment of the district court. The case

was tried by the court without a jury; special findings of fact were made, and judgment for possession rendered in favor of the plaintiffs, subject to the tax lien of defendants. It is undisputed that from 1858 or 1859 until 1880, the plaintiffs and their grantors held quiet and undisturbed possession under claim of title. In 1880, the defendants took forcible possession under title claimed by virtue of a tax deed for the taxes of 1874.

We remark, first, that in an ejectment action under our statutes, the question is, Who has the paramount right to the property? It is not essential that the plaintiff should have a title perfect beyond all question and paramount to the title of every other person. It is enough if he have a right to the property, and that that right is paramount to the right of the defendant. (*Duffey v. Rafferty,* 15 Kas. 9; *Simpson v. Boring,* 16 id. 248.)

We remark, second, that possession with claim of ownership is not only evidence of title, but it is of itself title in a low degree; that proof of possession for more than fifteen years under a claim of title is sufficient evidence to sustain a judgment in ejectment against one laboring under no disability and claiming under no title derived from the plaintiffs or their grantors. In other words, as fifteen years' possession under a claim of title is, generally speaking, by the statute of limitations a bar to an action brought by one under no disability, proof of such possession is sufficient evidence of title. Here the plaintiffs and their grantors, as is undisputed, were in quiet and peaceable possession under a claim of title for more than twenty years prior to the seizure of possession by defendants. Such evidence is sufficient to sustain a finding of title in their favor unless a better title is shown by defendants. (*Mooney v. Olsen,* 21 Kas. 691.)

We remark again, that the evidence shows a connected title of record from the government to plaintiffs, with this single exeption: In 1858 or 1859, a deed from the Shawnee town company to Mr. Holmes was duly executed. This deed was never recorded, and was, as Mr. Holmes testifies, probably de-

stroyed with other papers in the sacking of Shawnee town in 1862 by Quantrell. In other words, the title to the Shawnee town company from the government is perfect of record, and regular conveyances are shown from Holmes to plaintiffs in error, and it is undisputed that in 1858 or 1859, Holmes took possession of and built a brick house on the property. The only break in the record title, therefore, is the lack of a deed from the Shawnee town company to Holmes. As to this, Holmes testifies that the deed was executed and delivered to him; that he presumes it, with other papers, was destroyed in the sacking of Shawnee town in 1862 by Quantrell, and that he has made thorough search among his papers and been unable to find it. Now this is pretty fair evidence of loss and destruction upon which to base secondary evidence of its contents; and yet, even if it be insufficient, and the court erred in admitting secondary evidence of the contents, the error is immaterial, for the other deeds and possession show a possession for over twenty years under a claim of title, and that, as we have heretofore stated, is sufficient to sustain a judgment in an action of ejectment.

As to the defendants' tax deed, one defect alone may be mentioned, for that is fatal. The sale was made on September 11, 1875; the notice of redemption stated that on and after September 9, 1878, a deed would be issued to the purchaser. In other words, by the redemption notice, a deed was to issue within less than three years from the day of sale. This is insufficient, and a deed based upon such notice must fail. (*Blackistone v. Sherwood*, ante, p. 35.)

These being the only questions in the case, the judgment of the district court must be affirmed.

All the Justices concurring.