## WILLIAM MITCHELL v. CHARLES B. LINES.

1. EJECTMENT; *Basis of Recovery.* Plaintiff in ejectment must recover on the strength of his own title, and not on the weakness of that of the defendant.

2. RIGHTFUL POSSESSION; *Statute of Limitations; Recovery of Taxes.* When one claims title by deed from the owner to himself as admin-

istrator, and takes actual possession thereunder in good faith, such possession is rightful, and will, when relied upon, start the statute of limitations to run in favor of said possession; and a maintenance of said possession for two years will prevent the five-years statute of limitations from running in favor of a tax-deed claimant; and if no action is commenced to recover the land before the two-years statute of limitation has run, the tax-title claimant cannot recover back the taxes, nor have them declared a lien on the land.

*Error from Wabaunsee District Court.*

ACTION commenced May 12, 1884, by the plaintiff in error, to recover the possession of a tract of land in Wabaunsee county, Kansas. July 18, 1885, trial and judgment for the defendant for costs, and judgment for plaintiff for the amount of taxes, and that the same be decreed a lien on the land. Case brought to this court by plaintiff, and cross-petition filed by defendant in error.

*A. H. Case*, and *R. S. Hick*, for plaintiff in error.

*C. M. Foster*, for defendant in error.

Opinion by CLOGSTON, C.: Plaintiff claims title and right of possession to the land in controversy by virtue of a tax deed executed by Wabaunsee county to one Kenderdine, and a deed from Kenderdine to him. This tax deed was placed on record on the 26th day of September, 1878. The defendant claims by chain of title from the government to one Newton, and by deed from Newton to defendant, as administrator of the estate of George Wells, deceased. The land was vacant and unoccupied up to May 8, 1882, when the defendant, under and by virtue of the deed from Newton to him, went into possession, and has ever since been in actual possession of the same. The deed under which plaintiff claims is good on its face, but is void for the reason that the land was sold for more than the taxes, penalties and costs.

Plaintiff complains of the court below for that the court permitted the defendant, over his objection, to introduce in evidence the deed from Newton to defendant as administrator.

In determining this question it will be unnecessary to examine
this deed and the objection of plaintiff to its introduction, fur-
ther than to see if it conveyed title to the defendant sufficient
to give him the right of possession to the land in controversy;
for if it did, then being lawfully in possession such possession
would start the statute of limitations to run against the plain-
tiff, or any person claiming title or right thereto. But whether
it would be good if attacked by Newton or the heirs of Wells
need not be determined, as that question does not come up in
this case.     The plaintiff, to recover in this action, must do so
on the strength of his own title, and not upon the

1. Ejectment;
basis of re-
covery.

weakness of that of the defendant. The record
clearly shows that under whatsoever claim of
right the defendant held the possession, it is through and by
virtue of this deed; and if this deed gave defendant no right,
then the objection of the plaintiff ought to have been sustained,
and if sustained would have entitled him to possession.    We
think that defendant's possession under this deed gave him all
the right possessed by his grantor.    The defendant's title under
it may be defective, yet with the color of and claim of title
it was sufficient to protect him against all the world, except it
be a person who holds the paramount title and right of pos-
session, and no one but such a party could question the de-
fendant's possession under that color and claim of title. (See
*Foster v. Bowman,* 55 Iowa, 243; *Stephenson v. Wilson,* 50
Wis. 95; *Hollenback v. Ess,* 31 Kas. 87; *Byington v. Rider,*
9 Iowa, 566.)    Mr. Blackwell, in his work on Tax Titles,
says:

"It may therefore be laid down as a general rule, that any
right whatsoever, at law or at equity, whether perfect or in-
choate, whether in possession or in action, amounts to an
ownership of land, and that a charge or lien upon it consti-
tutes the person claiming it as owner, so far as is necessary to
give him the right to redeem." ( Blackwell on Tax Titles, 2d
ed., 496.)

And a right to redeem would be a sufficient right to take
possession under.

The plaintiff also insists that the court erred in permitting

the defendant to attack and go behind his tax deed, for the reason that more than five years had elapsed since putting said deed on record before the commencement of this action, and that his deed being good on its face gave him a perfect title. This claim might be tenable, did the facts show this alone; but counsel for plaintiff have forgotten that to make his claim good, the premises at the expiration of the five years must have been either in the actual possession of the plaintiff, or unoccupied; but in this case, before the five years had run in favor of the tax deed, defendant was in the actual possession. This possession being under color of title, at once stopped the five-years statute from running in favor of the plaintiff's deed, and this time is not counted up to the time of the commencement of the action, but only up to the adverse actual possession. In *Stephenson v. Wilson,* 37 Wis. 482, the court said:

"That any intervention or actual occupancy during the three years by the former owner, or of any person for him, disengages the bar of the statute, and relieves the former owner from the conclusive effect which would otherwise be given to the tax deed."

And so in this case the defendant's actual adverse possession disengages the statute of five years from running in favor of the plaintiff's deed; therefore the court committed no error in allowing this attack on plaintiff's tax deed. But suppose this was error, or that the court had sustained the plaintiff's objection: how would it have helped him? The defendant was at the commencement of this action, and had been for more than two years, in the actual possession, claiming title thereto; this possession at once started the two-years statute of limitation to run against the tax deed, and barred him from recovering possession, not alone against a defective deed, but against a perfect tax title; so the inquiry as to the validity of the tax proceedings is immaterial. This disposes of all the errors assigned by plaintiff, except that plaintiff also claimed possession of the premises during the two years claimed by the defendant; but on this question the court found that the

defendant had the actual possession from May 8, 1882, until the commencement of this action; and from a careful examination of the record we find an abundance of evidence to sustain that finding; therefore this objection cannot be considered.

The defendant in his cross-petition raises but one question, and that is, did the court err in finding the amount of taxes due to the plaintiff on his tax deed, and in declaring the same a lien upon the land? We think this was error. The plaintiff, to recover possession when the actual possession was in another, must within two years after putting a deed upon record, or within two years after the possession is held adverse to him, bring his action; and if he neglects so to bring his action, his right to recover is barred; and § 142, chapter 107, Compiled Laws of 1879, cannot help him. That section is to help a person who is defeated in an action by reason of a defective deed, or proceedings up to the deed, and was not made to help those who refuse or neglect to commence their action for the recovery of the possession of the premises until the statute had run against them. The court in rendering judgment seems to have acted upon the theory that because the plaintiff's title is bad, that he was entitled to recover his taxes, yet finding that defendant is in the actual possession, claiming title for more than two years prior to the bringing of this action. This finding alone is sufficient to defeat plaintiff's title and right of possession, and with it defeat his right to recover his taxes; (following *Corbin v. Bronson*, 28 Kas. 532.)

2. Rightful possession; statute of limitations; recovery of taxes.

It is recommended that the judgment of the court below as against the plaintiff in error be affirmed; and that the judgment be reversed upon the cross-petition of the defendant in error, and that the cause be remanded for further proceedings, in accordance with the views herein expressed.

By the Court: It is so ordered.

All the Justices concurring.