JOSEPHUS MORRIS *et al.* v. W. F. LEMMON AND C.
M. SHARTEL.
### No. 178.

STATUTE OF LIMITATIONS—*runs against a tax-deed holder in
favor of one holding possession as trustee for minors.* Where
one of the defendants in an action of ejectment under a tax deed
had held actual possession of the real property for more than five
years preceding the date of the trial, under a deed which con-
veyed the property to him as trustee for the other four defend-
ants, who were his children, only one of them being a minor at the
commencement of the action, which deed gave the trustee power
to dispose of the premises during the minority of the children,
and where the defendants raised no question as to the fact and
rightfulness of the possession of the trustee, *held*, that he was a
necessary party defendant, and that failure to serve summons on
him within the time fixed by law for commencing an action for
possession under a tax deed, defeated plaintiffs' right as to both
possession and lien.

Error from Chautauqua District Court. Hon. M.
G. Troup, Judge. Opinion filed July 31, 1897. *Re-
versed.*

*Gillett & Sadler* and *H. E. Sadler*, for plaintiffs in
error.

*Peckham & Peckham, John W. Shartel*, and *Lemmon
& Shartel*, for defendants in error.

MILTON, J.    This was an action of ejectment begun
against the plaintiffs in error as defendants below, by
the defendants in error, who claimed the premises in
controversy under a tax deed. The cause was tried
by the court. Findings of fact and conclusions of
law were made. It is brought here on a transcript of
the record. The defense relied upon the two-year
Statute of Limitations in paragraph 3 of section 16 of
the Code. The court found that the tax deed was
valid on its face, but invalid for irregularities other-

wise appearing, and awarded plaintiffs judgment for $186.25, and a lien on the premises for the amount of taxes paid and interest.

The tax deed was recorded on September 17, 1889. The petition was filed September 7, 1891, together with precipe for a summons for the defendants, all of whom resided in the State of Kansas. A summons was issued and served on the defendant Josephus Morris, the party in possession of the premises, on September 11, 1891, but this summons and service were afterwards — November 11, 1891 — set aside upon the ground that no seal of the court was attached to the summons. On November 13, 1891, Morris voluntarily appeared and answered, and the other defendants, who had never been served with process, appeared on November 9, 1891. The possession of Josephus Morris purported to be that of a trustee for his four minor children — who were joined as defendants — under a deed dated March 26, 1893, the children then being minors. He had remained in such possession in such capacity for several years prior to the commencement of the action. He had held the title under a patent from the United States, and had conveyed the land to one J. L. Cox, who reconveyed to him as trustee. The deed from Cox gave Morris power to sell the property for the benefit of the children at any time during their minority. No question was raised by any of the other defendants as to the facts or the rightfulness of the possession of the premises by Josephus Morris, except that the pleadings alleged generally that they were the equitable owners of the property and were in the actual possession thereof.

The ninth finding of fact is as follows :

" The defendant Josephus Morris has resided con-

tinuously on the premises in controversy, occupying the same as a farm and cultivating it in the usual course of husbandry, since prior to the date of his patent aforesaid, and claiming a right thereto either as owner, or trustee for his codefendants. After September 16, 1889, and prior to November 14, 1891, the defendant Josephus Morris was temporarily absent from the State of Kansas for thirty-one days altogether; and the defendant Emma Morris was so absent from the State of Kansas from June 19, 1891, to December 19, 1891; and the defendant Francis Morris was so absent from the state of Kansas during the months of April, May and June of 1891, and also from July, 1891, to September 10, 1891. The defendant Emma Morris is twenty-five years old, and the defendant Francis Morris is now a minor about nineteen years old.''

Under the terms of the deed creating the trust, Josephus Morris had no power to dispose of the real property except during the minority of the children, three of whom had obtained their majority before this action was brought. It appears, therefore, that he was still trustee as to the interest of the minor child. As to the others he was a tenant by sufferance, and each of the latter was the legal and equitable owner of the undivided one-fourth of the land.

Counsel for defendant in error urge that the possession of Josephus Morris for a longer period than two years after the recording of the tax deed would not bar their right of action; that such right of action would not be barred as to any one of the other defendants unless such defendant had been present within the State of Kansas for two years after the recording of the tax deed, and that the judgment of the trial court must, in any event, be upheld as against Emma Morris and Francis Morris. They cite the case of *C. K. & N. Rly. Co. v. Cook* (43 Kan. 83) as sustaining

426        Morris v. Lemmon.

S. Dept.        Opinion.   Milton, J.        6 Kan. App.

this claim. We cannot agree with this position. Under subdivision 3 of section 16 of the Code, the holder of the tax title could bring his action for the recovery of the real property within two years after the recording of his tax deed, and not thereafter, unless it should appear that the defendant in possession was absent from the State during the two years, in which event the time of such absence would be added to the two years given by section 16. In the case of *Mitchell v. Lines* (36 Kan. 378), it appears that the trial court had found the amount of taxes due to the plaintiff in that action and declared the same a lien on the land, the deed being held invalid. The court in its opinion says :

"The defendant in his cross-petition raises but one question, and that is, did the court err in finding the amount of taxes due to the plaintiff on his tax deed, and in declaring the same a lien upon the land? We think this was error. The plaintiff, to recover possession when the actual possession was in another, must within two years after putting a deed upon record, or within two years after the possession is held adverse to him, bring his action ; and if he neglects so to bring his action, his right to recover is barred ; and section 142, chapter 107, Compiled Laws of 1879, cannot help him. That section is to help a person who is defeated in an action by reason of a defective deed, or proceedings up to the deed, and was not made to help those who refuse or neglect to commence their action for the recovery of the possession of the premises until the statute has run against them. The court in rendering judgment seems to have acted upon the theory that because the plaintiff's title is bad, that he was entitled to recover his taxes, yet finding that defendant is in the actual possession, claiming title for more than two years prior to the bringing of this action. This finding alone is sufficient to defeat plaintiff's title and right of possession, and with it de-

feat his right to recover his taxes; following *Corbin v. Bronson*, 28 Kan. 532.''

To the same effect is the decision in the case of *Smith v. Jones* (37 Kas. 292). There, the plaintiff sued in ejectment under his tax deed, and the court, in deciding that he was not entitled to recover possession or to have a lien for taxes paid, used the following language:

'' We think the two-year statute provided in the Code bars a recovery by the plaintiff. His action was not begun until about four years after the tax deed was executed and recorded. During this time, and earlier, the defendant was in the actual possession of the land. The defendant was not there as a trespasser, but was in actual possession under a claim of ownership in the land. We need not inquire whether his claim of title was strong or weak, because 'possession with claim of ownership is not only evidence of title, but it is of itself title in a low degree '— and one which may in time ripen into a perfect title. *Hollenback v. Ess*, 31 Kan. 87. The defendant was therefore in a position to contest the plaintiff's right to recover. The plaintiff must recover upon the strength of his own title, and not upon the weakness of that asserted by Jones. To maintain his action he must establish not only his paramount title to the land, but also that he has brought his action within the time allowed by the law. By virtue of the defendant's possession and claim, the plaintiff's cause of action, if he had one, was maintainable immediately on the recording of his tax deed. He was a tax-title holder out of possession seeking to recover upon the strength of a tax title. The limitation insisted on is applicable to all such persons, and an action cannot be maintained for the recovery of the land unless it is brought within two years after the recording of the tax deed under which he claims. *Thornburgh v. Cole*, 27 Kan. 490; *Myers v. Coonradt*, 28 id. 215.''

From these cases it would appear that the plaintiffs

below delayed too long in bringing the defendant Josephus Morris, who was a necessary party and who was in possession of the land, into court as a party to their action.

In our opinion this view does not conflict with the doctrine of the case of *C. K. & N. Rly. Co. v. Cook*, supra. There being no contest among the defendants below respecting the right of possession of Josephus Morris, we think the defendants in error not entitled to raise any question as to the matter.

We conclude that, under the facts as presented to us, the defendants in error were not entitled to the judgment awarded them, allowing a lien for taxes paid.

The case will therefore be reversed, with instruction to the District Court to grant a new trial.