Ard v. Wilson.

---

## G. N. ARD v. JAMES WILSON.

### No. 303.

LIMITATION OF ACTION — *Ejectment.* The statute of limitations does not run on a cause of action for the recovery of real property while the person who claims title thereto is absent from the state

Error from Allen district court; L. STILLWELL, judge. Opinion filed September 22, 1898. Affirmed.

*Oscar Foust & Son*, for plaintiff in error.
*Hutchings & Keplinger*, for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J.: This is an action of ejectment, commenced in the district court of Allen county by the defendant in error, to recover the possession of certain lands in said county. The action was commenced September 9, 1893, and the plaintiff in error became a defendant in the court below on March 29, 1894. The patent from the government to the Missouri, Kansas & Texas Railway Company, under which the plaintiff in error claims title, was dated November 3, 1873, and recorded in the office of the register of deeds of Allen county, Kansas, November 21, 1873. The court found that Aaron F. Harris, one of the persons through whom the title came from the railway company to the plaintiff in error, was absent from the

state of Kansas from the year 1883 until he conveyed the land to plaintiff in error on September 1, 1889, continuously except about one month, and that the plaintiff in error was absent from the state two or three months after receiving the deed from Harris. The court found for the plaintiff below, and the defendant below brings the case here for review.

The only question presented to us arises out of the statute of limitations. Counsel agree that the cause of action accrued on November 3, 1873, and that therefore the statute began to run from that date, and they are also agreed that the action was commenced as to the plaintiff in error on March 29, 1894. It will therefore be seen that the action was commenced over twenty years after the cause of action accrued. Counsel for the plaintiff in error evade the question of the absence from the state of persons who were in possession of the land during this time. Construing section 15 of chapter 95 of the General Statutes of 1897 (Gen. Stat. 1889, ¶ 4098), the supreme court says: "The time that a defendant is out of the state after a cause of action has accrued against him cannot be computed as any part of the period within which an action must be brought." (*Ament v. Lowenthall*, 52 Kan. 706, 35 Pac. 804.) This section has been held to apply to the holders of the title to real estate. "When the plaintiff is the holder of a tax deed, the defendant may prove that the plaintiff was absent from the state after the recording of the tax deed, so as to show that the plaintiff cannot invoke the protection of the statute of limitations." (*Case v. Frazier*, 31 Kan. 689, 3 Pac. 497.)

We understand the question to be whether for fifteen years there has been a person in possession of and claiming title to the land within the state of Kansas,

so that he could be made a defendant in an action to recover the same.   Harris left the state in the year 1883, the precise time not being shown.

Giving the plaintiff the full benefit of the year 1883, the statute had run from November 3, 1873, until December 31, 1883.   This would be ten years, one month, and twenty-eight days.   The running of the statute was then suspended until September 1, 1889, except for about one month when he was in the state.   The running of the statute was resumed by the conveyance to the plaintiff in error and continued until March 29, 1894, except for two or three months while Ard was out of the state.   It will therefore be seen that the statute had been in operation but about fourteen years and eight months.   The statute requires fifteen years in such a case as this.

The judgment of the district court will be affirmed.

SCHOONOVER, J., concurring.

MILTON, J., not sitting.