C. E. GIBSON v. CHARLES S. HINCHMAN et al.

No. 14,329. (83 Pac. 981.)

SYLLABUS BY THE COURT.

LIMITATION OF ACTION—*Ejectment—Tax-deed Holder—Possession—Non-resident.* An action of ejectment by a tax-deed holder out of possession does not become barred by the two-year statute of limitations while the land is vacant and unoccupied, nor while in the possession of, and occupied by, tenants, agents or employees of a non-resident owner who is absent from the state.

Error from Ford district court; EDWARD H. MADISON, Judge. Opinion filed December 9, 1905. Affirmed.

*Sutton & Scates,* for plaintiff in error.

*A. B. Reeves,* for defendants in error.

The opinion of the court was delivered by

GRAVES, J.: This is an action of ejectment. The only question involved is whether or not the holder of the tax deed herein designated as the Hinchman deed has lost, by reason of the two-year statute of limitations, the right to a lien on the land for the taxes represented by such deed.

The plaintiff, Gibson, owns the original title to the land, but has never been in possession. On November 20, 1902, he brought this action. The defendant Bragg has been in possession since June 1, 1898, claiming ownership under a tax deed dated and recorded January 8, 1898. Prior to the possession of Bragg the land was vacant and unoccupied. The possession of Bragg has been by tenants, agents and employees only, and he has been personally a non-resident of, and absent from, the state at all times since the date of his deed.

After this action was commenced, but before time to answer, Bragg obtained the Hinchman deed and set it up with his own in his answer. The Hinchman deed was executed and recorded March 13, 1893. Nothing was done by the holder thereof to enforce it or to obtain possession of the land under it until the answer of Bragg was filed as aforesaid.

Upon the trial the court held both deeds void, but the defendant was given a tax lien under each of them. The plaintiff concedes the lien as to the Bragg deed, but claims that, under the case of *Corbin v. Bronson,* 28 Kan. 532, the Hinchman deed is void for all purposes. It was held in that case that a tax-deed holder out of possession who for two years, during which time the owner is in possession, fails to institute proceedings to recover the land loses all rights under his deed, and cannot recover taxes thereunder. But the facts of this case are essentially different. Here the owner has never been in possession. As between the

plaintiff and the holder of the Hinchman deed the land has been vacant and unoccupied.

The two-year statute of limitations does not begin to run against a tax-deed holder not in possession and in favor of a non-resident owner who is absent from the state , nor while the land is vacant and unoccupied. (*Case v. Frazier,* 30 Kan. 343, 2 Pac. 519; *Coale v. Campbell,* 58 Kan. 480, 49 Pac. 604.) Possession by tenants, agents or employees only will not start the statute in favor of a non-resident owner who is absent from the state. (*Ard v. Wilson,* 60 Kan. 857, 56 Pac. 80, affirming 8 Kan. App. 471, 54 Pac. 511.)

It follows that the statute has never started to run against the Hinchman deed in favor of any one. As to the plaintiff, the land has always been vacant and unoccupied. As to Bragg, it has been practically the same. By reason of his being a non-resident of and personally absent from the state, no judgment could have been obtained against him that would have been conclusive. The statute of limitations does not require a person to institute proceedings to enforce a right within a time limited when such proceeding will not conclusively determine such right as to each party. It would have been a vain and useless proceeding upon the part of the holder of the Hinchman deed to have commenced an action thereon against any one.

The tenants, agents and employees of Bragg claimed no independent right to the land, and no judgment could have been obtained against them that would have been binding upon Bragg. Even if Bragg, in an action by the holder of the Hinchman deed, had submitted to the jurisdiction of the court, the judgment in such a case would not have been binding against the plaintiff, who was not a party; and, not being binding against him, it could not be used as conclusive in his favor.

In any view we think the tax lien under this deed was properly sustained. The judgment of the district court is affirmed.

All the Justices concurring.