FRANKLIN BANCHOR, *Appellant*, V. MARION PROCTOR
et al., *Appellees.*

No. 17,889.

FRANKLIN BANCHOR, *Appellant*, V. EBEN C. CROCKETT
et al., *Appellees.*

No. 18,118.

THE HAYS LAND & INVESTMENT COMPANY, *Appellee*,
V. FRANKLIN BANCHOR, *Appellant.*

No. 18,119.

SYLLABUS BY THE COURT.

1. QUIETING TITLE—*As Between Holders of Separate Tax Deeds.*
In an action by a tax-deed holder in possession to quiet title
against the holder of an elder tax deed who was out of posses-
sion, the defendant proved that an entry was made upon the
land and actual possession was taken in his name within two
years from the date upon which his tax deed was recorded.
*Held*, that proof of antecedent authority on the part of the
person taking possession for him was unnecessary and that the
condition of the two-year statute of limitations was satisfied.

2. ———— *When Judgment is Conclusive as to Heirs.* In the
action referred to the plaintiff quieted his title against all
the heirs of the deceased holder of the original title. After-
wards two of the heirs procured the judgment to be opened,
showed defects in the plaintiff's tax deed invalidating it as a
conveyance, and asked for possession. They did not claim to
be sole heirs and made no proof of the respective shares of
their ancestor's estate to which they were entitled. *Held*, the
judgment quieting title was conclusive upon all the heirs who
did not defend, and that, while the answering heirs were en-
titled to possession, they were only entitled to possession in
common with the plaintiff.

3. REDEMPTION—*Tax Sale—Right to Redeem.* Within five years
from the time the holder of the second tax deed took posses-
sion a grantee of the holder of the first tax deed brought an
action to redeem. Possession had been taken under the first
deed, which was good on its face, within two years and the
five-year statute of limitations had run in its favor against
the original owner. *Held*, the plaintiff was an owner within
the meaning of the statute providing that "any owner, his
agent or attorney," may redeem land sold for taxes.

Appeal from Gove district court. Opinion filed January 11, 1913. Affirmed.

*J. S. Simmons,* and *Ray H. Tinder,* both of Hutchinson, for the appellant.

*Lee Monroe, W. S. Roark,* and *C. M. Monroe,* all of Topeka, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The actions in which these appeals were taken were instituted by the holders of rival tax titles to the land in controversy.

The original title was vested in Adelaide S. Alden, who died in 1902. Neither she nor her heirs ever held actual possession. In February, 1903, a tax deed, regular on its face, but based on irregular proceedings, was issued to Marion Proctor and was duly recorded. In September, 1906, another tax deed was issued to Franklin Banchor and was duly recorded. This deed was good on its face, but was voidable for a number of reasons. In December, 1909, Banchor found the land unoccupied and took possession. In 1910 he brought suit to quiet his title, making Proctor and the unknown heirs of Adelaide S. Alden parties defendant. Proctor answered, claiming title under his tax deed, alleging possession and asking that his title be quieted against Banchor. At the trial the allegation of possession and the prayer for affirmative relief were withdrawn. Judgment was rendered refusing to quiet Banchor's title as against Proctor, and Banchor appeals. (Case No. 17,889.)

It is claimed that Proctor suffered his interest in the land to lapse by failing to take possession within two years from the recording of his tax deed. In 1904 an agent of a company said to be acting for Proctor entered upon the land in his name and leased to a tenant who sublet to a resident of the neighbor-

hood for farming and grazing purposes. The lessee kept the land rented for two years. The principal defect in this proof, to which attention is called, is the lack of antecedent authority in the company acting for Proctor. Even if the act of taking possession in his name were not authorized at the time, Proctor could subsequently ratify it, as he did by producing the proof relating to it in support of his title. The condition of the statute was satisfied by taking possession and excluding adverse occupancy within the time limited for that purpose. There is no evidence of a subsequent abandonment of possession generally to anyone who might desire it. (*Buckner v. Wingard,* 84 Kan. 682, 115 Pac. 636.) Some contention is made that actual possession under Proctor was not in fact shown. If this were true the land was vacant until Banchor entered, the statute did not begin to run until that time (*Gibson v. Hinchman,* 72 Kan. 382, and cases cited at page 384, 83 Pac. 981), and the two years within which Proctor might sue for possession had not elapsed when judgment was rendered. The general finding of the court, however, disposes· of the contention in Proctor's favor.

In the action to quiet title a judgment was taken by default against the Alden heirs. Afterwards Eben C. Crockett and Adelaide A. C. Somes appeared and procured this judgment to be opened. They answered the petition, claiming that they were heirs of Adelaide S. Alden and asserting that the Banchor tax deed was invalid, and prayed for possession. Judgment was rendered to the effect that Banchor had no claim upon the land except a lien for taxes, and providing that he be ejected and Crockett and Somes be placed in possession upon their satisfying the lien. Banchor appeals. (Case No. 18,118.)

Crockett and Somes established inheritance from Adelaide S. Alden, but the number of such heirs and

the fractional interest of each one were not shown. For this reason it is claimed the judgment is erroneous. The respective shares to which Crockett and Somes are entitled are matters which may well wait for determination in an action for partition. Meanwhile they are entitled to possession upon satisfaction of Banchor's tax lien, but the court should not have excluded him from possession in common with them without definite proof on their part that they are the sole heirs of Adelaide S. Alden. They made no such claim, and the fair inference from the evidence adduced is that there are other heirs. The judgment quieting title against all persons inheriting from Adelaide S. Alden stands in full force and effect except against Crockett and Somes. No defenses except theirs were interposed and the rights of their coheirs are cut off. While the judgment quieting title did not transfer the title of such heirs to Banchor (*Lockwood v. Meade,* 71 Kan. 739, 81 Pac. 496), it did render his tax deed unassailable by them. He no longer holds under a tax deed voidable by them, and Crockett and Somes were not entitled to the entire and exclusive possession as the tenant in common was in the case of *Horner v. Ellis,* 75 Kan. 675, 90 Pac. 275. However, in view of the turn which the litigation took, and which is about to be discussed, it is not necessary that the judgment be modified.

The Hays Land and Investment Company purchased the Proctor title, and in March, 1911, brought an independent action to redeem from Banchor. The cause was submitted on the evidence introduced in the suit to quiet title, and judgment was rendered for the land company. Banchor appeals. (Case No. 18,119.)

The statute provides that "any owner, his agent or attorney," may redeem. It is argued that the Hays Land and Investment Company is merely the assignee of a tax lien and consequently is not an owner within

33—88 KAN.

the meaning of the statute. The court has already held, in accordance with the universal view of the authorities, that the word owner means any one who has a substantial interest in the property which might be affected by the tax proceedings. (*Steele v. Dye,* 81 Kan. 286, 290, 105 Pac. 700.) It is said that the special statute allowing a mortgagee to redeem should be interpreted as denying the right to all other lien holders. The purpose of the statute, however, was not simply to confer the right to redeem but to give a mortgagee an additional foreclosable lien for taxes which he may be compelled to pay to protect his mortgage. (Gen. Stat. 1909, § 9494.) It is said that Banchor holds the superior title, although his tax deed is voidable, because he is in possession, and that if the holder of the Proctor title should be permitted to redeem he may be deprived by indirection of a possession from which he could not be ousted by ejectment. Banchor's title is not, however, superior to the Proctor title. Proctor took possession within two years, and the five-year statute has run in favor of his deed as against the original owner. Therefore he and his grantee are no longer mere claimants under a tax deed, but occupy the position of the original owner. (*Cone v. Usher,* 86 Kan. 880, 122 Pac. 1049.)

The judgment in each case is affirmed.