No. 18,482.

GEORGE H. ANDREW et al., *Appellants,* v. GEORGE L. REID et al., *Appellees.* ·

SYLLABUS· BY THE COURT.

1. EJECTMENT—*Tax Title—Possession of Owner of Fee—Sustained by the Evidence.*   A finding that the defendants, owners of the fee subject to the plaintiffs' tax title, took actual possession of the land in controversy within four years after the tax deed was recorded, is sustained by the evidence referred to in the opinion.

2. EJECTMENT—*By Tax-title Holder—Barred by Two Years' Statute of Limitations.*   The land was vacant and unoccupied when the tax deed was issued, and so remained until possession was taken by the defendant, as above stated, and this action of the plaintiff to recover possession under his tax deed, which was recorded October 8, 1902, was barred by the two years' statute of limitations before April, 1911, when this action was commenced.   (Civ. Code, § 15, subdiv. 3.)

Appeal from Greeley district court; ALBERT S. FOULKS, judge. · Opinion filed December·6, 1913.  Affirmed.

*D. R. Beckstrom,* of Tribune, for the appellants. ·

*W. M. Glenn,* and *George L. Reid,* both of Tribune, for the appellees.

The opinion of the court was delivered by

BENSON, J.:  This is an action in ejectment by the holder of a tax title against the defendants who are the owners of the land in fee unless their title is extinguished by the tax deed.  The judgment was for the defendants, awarding, however, a tax lien in favor of the plaintiffs for taxes for over $250.

Several questions are discussed but only one need be considered since it determines the controversy.  The tax deed was issued September 13, 1902, and was recorded October 8, 1902.  The land was vacant and unoccupied until the defendants took possession, which was in April, 1907, as the district court found.  This action was commenced in April, 1911.  The holder of a tax title has two years from the date of the recording of the tax deed in which to commence an action to recover possession.·  (Civ. Code, § 15, subdiv. 3.)  But where the land is vacant and unoccupied for more than two years after the deed is recorded he has two years from the time the original owner takes actual possession in which to commence his action. (*Case v. Frazier,* 30 Kan. 343, 2 Pac. 519; *Coale v. Campbell,* 58 Kan. 480, 483, 49 Pac. 604; *Gibson v. Hinchman,* 72 Kan. 382, 83 Pac. 981.)

The finding that the defendants took actual possession in April, 1907, is, however, disputed.  The evidence must therefore be examined to determine the fact.  It appears that in February, 1907, the defendants leased the land to J. J. Banks.  At that time there was a dug-

Andrew v. Reid.

out upon the land, constructed upon the belief that it was upon another tract. The defendants paid for the dugout and their tenant occupied it. The tenant broke out two acres and laid off the boundary lines by plowing furrows around it. The following year, 1908, the defendants leased the land to another tenant for three years, who agreed to put in a crop, but on account of dry weather he did not plow upon the land but herded some cattle upon it that year. He plowed ten acres and put a crop upon it in the year 1909. He disked the land in cultivation for a crop in the year 1910, but did not plant it because it was too dry. The tenant herded cattle for the defendants on the land in the years 1908, 1909 and 1910. This evidence is sufficient to sustain the finding that the defendants took actual possession of the land in the spring of 1907.

There is also a finding that the plaintiffs took possession in March, 1911, although it was not shown how long they held it. The time must have been quite short, for the defendants were in possession when this suit was brought, in April, 1911, as the plaintiffs allege and the evidence shows, and it was occupied at the time of the trial by the same tenant who leased it from the defendants in the year 1908. The district court found that the possession so taken by the plaintiffs was forcible, and held that it was of no effect in this litigation, but allowed them to remove the improvements made during their brief occupancy.

Our conclusion is that the plaintiffs' cause of action was barred by the two years' statute of limitation, and that the court did not err in holding that the alleged possession of the plaintiffs in March, 1911, was not effectual.

The defendants complain of the lien for taxes and interest because there was testimony that a tender had been made, but the evidence relating to tender was conflicting and the allowance of the lien is approved.

The judgment is affirmed.