Andrew v. Reid.

No. 18,482.

GEORGE H. ANDREW et al., *Appellants,* v. GEORGE L. REID et al., *Appellees.*

HEADNOTE BY THE REPORTER.

1. TAX DEED — *Ineffectual* — *No Possession Taken* — *Tender* — *Measure of Recovery.* Where the holder of a tax deed fails to take possession under it within two years after recording the same, and the landowner makes a sufficient tender to the holder of such deed, and the tender is kept good, he can recover only the amount tendered, without interest, penalties or charges accruing on the amount tendered.

2. SAME—*Burden of Proof.* The burden of proving a good and sufficient tender rests upon the landowner.

Appeal from Greeley district court; ALBERT S. FOULKS, judge. Opinion on motion to modify decision filed February 19, 1914. Motion overruled. (For original opinion, see *ante, p.* 135, 136 Pac. 793.)

*D. R. Beckstrom,* of Tribune, for the appellants.

*W. M. Glenn,* and *George L. Reid,* both of Tribune, for the appellees.

*Per Curiam:* A motion is made by the appellees to modify the decision in this case (*Andrew v. Reid,* ante, p. 135, 136 Pac. 793) by directing that a reduction of the tax lien be made by disallowing interest after the tender referred to in the opinion.

It was stated in the opinion that the evidence relating to tender was conflicting. This statement was made because evidence tended to show a tender to the grantee in the tax deed in October, 1902, the month in which the deed was issued. Evidence was also given tending to show that no tender was made to the defendants, to whom the title was conveyed in the same month. It does not appear whether the tender was made before or after the conveyance, and therefore it is not shown whether it was made to the right person. Attention is now called to the fact that the judgment recites that a tender was made to the holder of the tax deed, although that fact was not referred to in the briefs.

It was held in *Russell v. Hudson,* 28 Kan. 99, that when a sufficient tender is made to the holder of a void tax deed, and the tender is kept good, he can only be allowed a lien for the amount tendered.

It will be seen from the opinion that the tax title in this case was held ineffectual, not because the deed was void, but because the holder of the title failed to take possession under it within the time allowed by law for that purpose. The deed does not appear to be void upon its face, and it had been of record more than five years when the suit was commenced.

The motion is overruled.